Eastern District.
May 1831.

NICHOLS
vs.
HANSE & HEPP.

*NICHOLS vs. HANSE AND HEPP.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The prescription applicable to overseers does not apply to an agent employed in superintending the construction of a steam engine. This action is barred by the prescription of one year.

Unskilfulness in the agent is not excused by a contract in which it was stipulated he was to be governed by the directions of the principal.

The plaintiff claimed from the defendants a certain sum, for wages as engineer of the steam-boat Fair Star, from 11th June, 1826, to 11th July, 1827; also a further sum, for moneys received by the defendants to his use; and damages for the detention of an engine which, he alleged, he had pledged to the defendants to secure them for certain advances, and which they had refused to return, although the advances had been refunded. The petition was filed on the 12th August, 1828—to which the defendants opposed a general denial; the plea of prescription; and, further, they alleged that, by reason of the unskilful manner in which the plaintiff had constructed, for the steam-boat Fair Star, a certain engine, they had sustained damages to a large amount; which, together with moneys advanced to the plaintiff, they claimed in reconvention.

By the written agreement entered into between the parties, the plaintiff undertook "to go to New-York, and there report himself to Captain Day as being ready to commence work, in the capacity of an engineer, for building one or more steam engines, and to attend to the casting, erecting, and putting the said engine, or engines, into complete operation for the defendants, and to be guided by their directions; for which services the defendants agreed to pay him one hundred and twenty dollars per month."

It was proven that the plaintiff was in the employ of defendants, under this agreement, for eleven months; during which time he constructed, for the steam-boat Fair Star, the engine with which she was brought to New-Orleans: but it was also shown by the testimony of experienced engineers, that the engine was improperly constructed, and that it became necessary for the defendants to take it out as unfit, and replace it with another.

The court *a quo* rejected the defendants' plea of prescription, and disallowed their claim in reconvention for the defective engine, on the ground that as, by the agreement, the plaintiff was to be governed by the directions of the defendants in its construction, he was not responsible in damages for the bad execution of the work. The plaintiff's claim for damages, for the detention of the pledged engine, was rejected, and judgment rendered in his favor, for eleven months' wages, at $120 per month; and for certain moneys which, it was proved, the defendants had received to his use. From this judgment the defendants appealed.

Eastern District,
*May* 1831

NICHOLS
*vs*
HANSE & HEPP.

*Lockett* and *M'Caleb* for appellants.

*Preston* for appellees.

*Martin, J.* delivered the opinion of the court.

The plaintiff claims $4,324 90, for debt, and $2,000 for damages; alleging the defendants received for him $460, from Dicks, Booker & Co., and employed him as an engineer, to go to New-York, to engage to build one or more steam-engines for them, and under their direction; and agreed to pay him at the rate of $120 per month besides his passage out and in, and his board and lodging, on which account $1,560 are due him, besides $60 for a half-month's wages in one of their boats. Further, that he pledged to them a steam-engine for sawing planks and scantling, as a security for sundry advances made, and to be made, to him; that they engaged to leave it in his possession; but afterwards took it away, and refused to restore it, although the advances they had made were refunded, whereby he has sustained damages to the amount of $2,000. Further, that he sold them the use of a patent-right in New-York and Louisiana.

The defendants pleaded the general issue and prescription. They filed an account exhibiting a balance of about $6000 due them by the plaintiff, which they urged in reconvention.

The District Judge allowed the first and second item—

Eastern District. the one not being disputed, and the other proved. The third
*May* 1831.
item was also admitted. The claim for damages on account
NICHOLS      of the detention of the pledged engine was rejected, as well
*vs.*
HANSE & HEPP. as the demands for the sale of patent-rights. The defendants'
plea of prescription was disallowed. Their claim in recon-
vention for moneys advanced was allowed; but that for
damages was rejected. Judgment was given for a balance
of $604 69, in favor of the plaintiff; and the defendants ap-
pealed.

The counsel for the appellants urge the coourt erred in disallowing their plea of prescription to the claim of the appellee for work and labor, and their own claim for damages sustained by his want of skill and experience, and the unworkmanlike manner in which the steam engines were made.

The appellants contend the appellees' claim for work and labor performed in New-York, in building steam engines, was prescribed under the Civil Code, 3499, by which *the claims of workmen, laborers, and servants, for their wages,* are prescribed by the lapse of one year. The appellees' counsel contends that his client's salary was that of an *overseer,* which is prescribed by three years. The District Judge did not consider the appellee as a workman, or overseer, but as an *agent,* and disallowed the prescription for his services in New-York, but allowed it as to his services on board of the appellant's boat.

Damages were denied to the appellants for the injury they sustained from the unskilful and unworkmanlike manner in which the appellee acted in New-York; on account of his being to be governed by the direction of the appellants; and, hence it was to be concluded, he was not responsible, or liable in damages, for the bad execution of the work, which must be taken to be according to the appellants directions.

I. According to the agreement on file, the plaintiff undertook to go to New-York, and report himself to Captain Day,

on being ready to commence *work in the capacity of an engineer for building one or more steam-engines, and to attend to the casting, erecting and putting the said engine or engines in complete operation.*

We think the District Court erred in disallowing the plea of prescription. The plaintiff was a workman; and his claim was barred by the lapse of one year.—*Civil Code*, 3499. He was not, as his counsel contends, an overseer.—*Id.* 3503.

From the plaintiff's acknowledgments in his letter on record, it appears that his work was unskilfully performed; from his want of attention and skill; and we do not think that the circumstance of the agreement providing that he should be guided by the defendants, can repel their claim on account of the insufficiency of his work.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided, and reversed, and the case remanded, for the purpose of ascertaining the amount of the defendants' claim on the reconvention; the plaintiff and appellee paying costs in this court.

*Eastern District,*
*May 1831*

NICHOLS
*vs*
HANSE & HEPP.

The prescription applicable to overseers does not apply to an agent employed in superintending the construction of a steam engine.—— This action is barred by the prescription of one year.

Unskilfulness in the agent is not excused by a contract on which it was stipulated he was to be governed by the directions of the principal.