## Oscar Pillet *v.* William Edgar and others.

By the common law, where no execution has been taken out on a judgment for a year and a day, the judgment creditor may render his judgment executory, either by a *scire facias,* or an ordinary suit within twenty years. The remedy is cumulative. By the laws of this State where a judgment has the force *rei judicatæ* he may either obtain an order of seizure and sale, or bring an ordinary suit. C. P. 746, 748.

No execution can be issued in this State on a judgment rendered in another State which has ceased to be executory there, in consequence of no execution having been taken out within a year and a day after it was rendered. The courts of this State cannot enforce a judgment, which the court of the State in which it was rendered, cannot execute.

APPEAL from the District Court of East Feliciana, *Johnson, J.*

*A. M. Dunn,* for the plaintiff.

*Dalton,* for the appellants.

MARTIN, J. The defendants are appellants from a judgment perpetuating an injunction obtained to prevent the execution of a writ of *fieri facias,* on a judgment, in one of the courts of the State of Mississippi, against the present plaintiff, which had lain dor mant upwards of a twelvemonth and a day from its rendition, without any writ of *scire facias* having been issued for its revival. Two witnesses, acquainted with the laws of that State, have attested, and indeed the counsel for the defendants has not denied, that, according to the practice in that State, where a plaintiff has suffered his judgment to lie dormant, without taking any execution thereon during a year and a day, it ceases to be executory, until revived by a *scire facias,* requiring the defendant to show cause, why execution should not issue thereon. It has, however, been contended, that the proceeding by *scire facias* is only a means of rendering a judgment executory, after it has lain dormant for a year and day. The proceeding, therefore, belongs to the *remedy,* and not to the *substance* and *nature* of the contract, and must be governed by the *lex fori.* See Story's Conflict of Laws, (2d ed. 1841,) 467, sec. 556 ; p. 468, 469 and 470 ; and *notes,* p. 477, 478, sec. 572 ; pages 481, 482, 483, 484, 485 to 489. See particularly notes to p. 489. *McElmoyle* v. *Cohen,* 13 Peters, 312, 327, 328, and *Bulger* v. *Roche,* 11 Pickering, 36. The remedy under the common law is cumulative. The judgment creditor may make his judgment executory, either by *scire facias,* or an ordinary suit, within twenty years.

Our laws have given the judgment creditor two remedies. If the judgment has the force of *res judicata,* he may either obtain an order of seizure and sale, or bring an ordinary suit. Code of Practice, arts. 476, 748. If the revival of the judgment by *scire facias,* be a proceeding which affects the *nature* and *substance,* or *validity* of the contract, or judgment, and not merely the *remedy,* the want of it would constitute a valid defence to an ordinary action, brought on such foreign judgment. The counsel asks whe ther this court is prepared to establish this doctrine ?

Proceedings by *scire facias* have certainly nothing to do, in the State of Mississippi, with the *nature* and *substance* of a contract ;

for they cannot be resorted to, until the contract has ceased to exist by being merged in a judgment, which, by presumption of law, is considered to have been satisfied by the plaintiff's having refrained from taking out execution, during a year and a day, following its rendition ; so that the defendant cannot be disturbed, without the opportunity being offered him, either by a *scire facias*, or a new suit on the judgemnt, to contest the plaintiff's right to coerce payment. This is admitted to be law in the court which rendered the judgment, the execution of which the present plaintiff resists. The courts of Louisiana cannot enforce a judgment which the court of a sister State, in which it was rendered, cannot execute.

*Judgment affirmed.*