## BOETO v. LAINE.

<div style="float:right">3 141/<br>104 42;</div>

Claims for board and lodging, are not cases in which the continuousness of the supply can effect the course of prescription. C. C. 3499, 3500.

Reconventional demands are not exceptions within the meaning of the rule, *Quæ temporalia sunt ad agendum, perpetua sunt ad excipiendum.* The rule must be restricted to exceptions necessarily attached to and inseparable from the demand.

APPEAL from the District Court of Lafourche Interior, *Randall,* J. *Beatty,* for the plaintiff. *Cole,* for the appellant. The judgment of the court was pronounced by

SLIDELL, J. This action is brought to recover the amount of two sums of money alleged to have been loaned to the defendant, less a certain credit which the plaintiff allows for a payment on account more than sufficient to pay the earlier loan. The defendant in his answer acknowledges the receipt of the sums mentioned in the petition, but alleges that they were not loans, but payments of a debt for boarding the plaintiff during a long series of years. To establish the second loan, which is the principal item of the plaintiff's claim, he offered in evidence a check given by him to the defendant, and which was proved to have been paid, by the cashier of the bank upon which it was drawn, to the defendant. It is very true, as urged by the defendant, that in a suit for money lent it is not sufficient to show that the plaintiff delivered money or a bank check to the defendant ; for this, *primâ facie,* is only evidence of the payment by the plaintiff of a debt antecedently due to the defendant. But the plaintiff has gone farther, and proved the acknowledgments of the defendant to the cashier that it was a loan. This testimony the district judge believed ; and as the character of the witness was unimpeached, we feel bound to consider the fact of the loan as proved.

The court below allowed the defendant credit for one year's board, and rejected the claim of the defendant for the antecedent time, considering the claim barred by prescription. We may remark that, independently of the objection of prescription, the testimony adduced by the defendant is not very satisfactory. But however this may be, the plea of prescription was unquestionably maintainable. It is not a case in which the continuousness of the supply or service can be considered as effecting the course of prescription. The claims of inkeepers and such others for lodging and board which they furnish, is, with several other causes of action, classed under the prescription of one year by article 3499 of the Code ; and the succeeding article declares that, in the cases so enumerated the prescription takes place although there may have been a regular continuance of supplies, or of labor or other service.

The defendant however urges that, even if his claim beyond the last year

Boeto
*v.*
Laine.

was effected by prescription, he is still entitled to use it as a means of defence, under the rule *Quæ temporalia sunt ad agendum, sunt ad excipiendum perpetua*. We have already had occasion to consider this rule, and were of opinion that it must be restricted to those exceptions which, in the language of the commentators, are "*viscérales*"—*nécessairement attachées à l'action et inséparables de la demande*. A case in point is put by Troplong, in his Treatise upon Prescriptions, no. 833. Pierre réclame à un journalier le paiement d'une obligation. Celui-ci excipe de quelques salaires qu'il prétend lui être dûs. Ce moyen de défense n'est pas une exception viscérale tendant à saper les fondemens de la demande principale. C'est une demande recoventionelle et réciproque, qui tend à une compensation et qui laisse subsister l'action du demandeur. Elle n'est donc pas recevable si elle est faite hors du temps de la prescription. La règle *Quæ temporalia*, etc, n'est pas faite pour elle, sans quoi ce serait un moyen détourné de rendre les actions perpétuelles, et de détruire les prescriptions établies. See also *Girod* v. *Creditors*, 2 Annual Rep. p. 546.

*Judgment affirmed.*