### SUCCESSION OF WILLIAM REGAN.

The claim of the appellant, for interest upon her judgment against the estate as heir of her father, was rejected on the ground that the judgment carried no interest on its face.

A suit brought against the husband on notes due by the community, interrupts prescription as to the heirs of his deceased wife. C. C. 3517.

As a general rule it is too late, after the evidence has been closed and the argument commenced, to allow new issues of fact to be made. The plea of payment, however, is highly favored. Courts always lean to the correction of an error that works injustice, and the strict rules of practice may with more propriety be relaxed, when the parties litigant are not the original contracting parties. The rule relaxed under the facts of this case.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *J. Dunlap*, for *Mrs. Fanny Cutter*, appellant. *Thomas Gilmore* and *Benjamin*, *Bradford & Finney*, for *Mrs. Regan*, *Administratrix*, also appellant. *Charles De-Choiseul* and *Thomas A. Clarke*, of assignee for *Kohn*, *Daron & Co.*, appellees.

BUCHANAN, J. Two appeals are before us from the judgment of the District Court, rendered on the 9th of November, 1855, upon an account of administration of this estate; 1st, that of *Mrs. Fanny Cutter*, and 2d, that of the administratrix.

So far as *Mrs. Cutter* is concerned, the judgment appealed from is the supplement of that rendered by this court at the May term of 1854. See 9 Ann.

364. By our decree in that case, the rights of *Mrs. Cutter* as heir of her mother were reserved.

The Judge of the District Court has now fixed the amount of those rights at $1,978 33, and the calculation by which he has arrived at that result seems to follow the evidence. The data for the ascertainment of the amount of the community of *Regan* and his first wife, are necessarily vague and uncertain. But this vagueness is not the fault of the appellant. It is owing to the neglect of her stepfather, the survivor of the community, to take the proper and legal steps for settling the community ; and the appellant ought not to be made responsible for such neglect. *Mrs. Cutter's* claim of interest upon her judgment against the estate of *Regan*, as heir of her father, was properly rejected. That judgment carried no interest on its face. See *Saunders* v. *Taylor*, 7 N. S. 41.

*Mrs. Cutter* complains that the syndics of *Miller* and the assignee of *Kohn, Daron & Co.*, who are judgment creditors of *William Regan*, are improperly preferred to her, because, she argues, the community between her mother and *William Regan* was dissolved by the death of the former before the debts accrued upon which the said judgments were founded. *Mrs. Cutter's* mother died in January or February, 1843. The judgment of the syndics of *Miller* against *Regan* was rendered on the 20th of December, 1842.

The judgments in favor of *Kohn, Daron & Co.'s* assignees, are three in number, and were all rendered after *Mrs. Regan's* death ; but of the promissory notes upon which those judgments were founded, the following were executed during the community :

Six notes of $460 each, dated 1st November, 1842 ; total due by community $2,760. Two other notes, respectively $468 50 and $466 28, were dated 25th March, 1843, consequently after *Mrs. Regan's* death. Total of notes due by *Regan* alone $934 78.

A payment of $1,802 12 was made on the aggregate claims of *Kohn, Daron & Co.*, by the sureties of a former administratrix, on the 31st July, 1854 ; which is imputable, *pro rata*, to those notes due by the community, and to those due by *Regan* individually.

The appellant pleads prescription of ten years against those claims of *Miller* and *Kohn, Daron & Co. ;* but we think that plea cannot avail her. The suits brought against *Regan* in 1843 and 1844 upon those notes barred prescription as to the heir of his deceased wife. C. C. 3517.

We now proceed to the appeal of the window *Regan*, administratrix. This appellant attempts to revive the question of the marriage of *Regan* and the mother of *Mrs. Cutter*. But this question must be considered as settled by our decision in 9th Annual. She also excepts to a decision of the District Judge refusing her permission to plead on the argument of the cause and after the evidence was closed, that the claim presented by the assignee of *Kohn, Daron & Co.* does not really belong to said assignee, but had been transferred to another party, with whom *William Regan*, in his lifetime, compromised and settled it.

The Judge did not err. The plea presented on the 13th July, 1855, declares that the appellant had discovered the facts therein set forth, on the 7th of the same month, or six days previously to her calling them to the notice of the court. It is obvious what confusion would be introduced into the trial of causes if such a practice were tolerated, as to allow new issues of fact to be thus kept in reserve until after the evidence was closed and the argument had

commenced. Such new issue, if entertained, would require new evidence to substantiate the affirmative; and the opposite party could not, of course, be refused the right of producing evidence to rebut. The case might be different were the fact pleaded, one which had just come to the knowledge of the party pleading it.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended, by giving to the assignee of *Kohn, Daron & Co.* a preference over *Mrs. Cutter*, in the distribution of the assets under this account of administration, only for the following notes, with interest, till paid, and costs, viz: two notes, $460 each, interest from 4th of May, 1843; two notes, $460 each, interest from 4th of August, 1843; two notes, $460 each, interest from 4th November, 1843—subject to a credit of $1,346 paid on the 31st of July, 1854; that the two notes of *William Regan* of $466 28 and $468 50, with interest and costs upon the same, held by the assignee of *Kohn, Daron & Co.*, be postponed in rank of distribution of those assets to *Mrs. Cutter's* claim, as allowed by the judgment appealed from; and that in all other respects the said judgment be affirmed; the costs of the court below to be paid by the succession, those of the appeal of *Mrs. Cutter* by the appellees, and those of the appeal of *Widow Regan*, administratrix, by the said appellant.

---

### SAME CASE ON A RE-HEARING.

BUCHANAN, J. The claim of *Miller's* syndic, allowed by the judgment of the District Court, is for the amount of a judgment against *Regan*, rendered the 20th of December. But it was proved on the trial of the oppositions to the account of administration in the court below, that the said judgment had been fully paid in the hands of *Miller's* syndics, on the 29th of April, 1843, by one *Brindy*, with funds furnished by *William Regan*, the judgment debtor. This claim should, consequently, be rejected.

The administratrix offered a plea of payment against the claim of *Kohn, Daron & Co.'s* assignee, on the same day (July 13th, 1855) that she offered a similar plea against the syndic of *Miller*; and offered at the same time evidence to sustain the plea. But the assignee of *Kohn, Daron & Co.* having objected, the court ruled out the plea of payment and the evidence in support of the same, on the ground that the evidence was closed and the argument commenced.

The plea of payment alleges, that the facts set forth in said plea had been discovered by the administratrix for the first time on the 7th of July, 1855. In our decision heretofore pronounced, we considered that this interval of six days, between the discovery of the fact of payment and its being brought to the notice of the court, excluded the party from the right of interrupting the argument of the cause, in order to place a new issue before the court.

In his petition for a re-hearing, the counsel of the administratrix has brought to our attention from the record, that on the 7th of July, the day of the alleged discovery, the cause had been on trial for many days, and had been continued over for want of time, from the 6th of July to the 10th of July; on which day (without anything being done) it was continued over until the 13th of July, and that it was not finally submitted to the court until the 14th of July.

A review of these proceedings inclines us to doubt the correctness of our first impression, that the administratrix had been remiss in bringing the fact of

payment to the notice of the court as soon as practicable after its discovery. <span style="float:right">Succession of<br>Regan.</span>
The plea of payment is highly favored in our practice; and the length of time
that elapsed between the rendition of the *Kohn, Daron & Co.* judgments and
the death of the judgment debtor, without those judgments having been
pressed, is a circumstance, as the counsel of the administratrix argues, that
may be explained by the evidence offered at this late hour. The argument on
the other side is, that the judgments have been admitted in various accounts
of administration, as valid claims against *William Regan's* succession. So was
*Miller's* judgment; yet the proof of the satisfaction of *that* judgment, under
the plea filed (without objection) at an equally late day, is perfectly conclusive.
Courts always lean to the correction of an error that works injustice; and the
strict rules of practice may, with more propriety be relaxed, where the par-
ties litigant are not the original contracting parties. This cause abounds with
incidents out of the ordinary line of events. It would seem that it was *Re-
gan's* policy, about the time of the judgments in question, to appear more in
debt than he really was. And it is not at all surprising, that his widow and the
female children of his first wife, should have been ignorant of the true state of
his affairs, and should have taken for granted that claims avouched by judg-
ments, were valid subsisting debts of the succession of their husband and father.
The party who is urging the claim of *Kohn, Daron & Co.*, is also acting in a
representative capacity, and may well be supposed ignorant of the facts, which
are the subject of this rejected plea.

We think the ends of justice require that the administratrix have an oppor-
tunity of establishing the defence thus offered by her.

The judgment heretofore rendered by this court upon these two appeals, is
therefore avoided and annulled; and it is now adjudged and decreed, that the
judgment of the District Court, so far as relates to the claim of *Mrs. Fanny
Cutter*, be affirmed; that as regards the syndic of *John F. Miller* and the as-
signee of *Kohn, Daron & Co.*, the judgment appealed from be reversed; that
upon the claim of *Miller's* syndic, there be judgment in favor of the succession
of *Regan*, and against the syndic of *Miller*; that as regards the claim of the as-
signee of *Kohn, Daran & Co.* the cause be remanded, with instructions to the
District Court to allow the administratrix to file the answer and plea by her
tendered on the 13th July, 1855, and in other things to be proceeded in ac-
cording to law; and that the costs of appeal be paid by the appellees, the syn-
dic of *Miller*, and the assignee of *Kohn, Daron & Co.*