## MORTON & HAMNER *v.* MARK VALENTINE.

In order to plead a foreign statute of limitation, under the Act of 15th of March, 1855, in bar of a judgment rendered in another State, it must be shown that the prescription was complete, and that there were no adequate means of enforcing the judgment in the State where it was rendered.

Where a judgment is rendered in the State of Mississippi, and barred by the statute of limitation, but is subsequently revived by a judgment on a writ of *scire facias*, the prescription of ten years in this State is interrupted by such judgment.

Statutes pertaining to the remedy are merely such as relate to the course and form of proceeding, but do not affect the substance of a judgment when pronounced.

APPEAL from the District Court of the Parish of Carroll, *Farrar*, J.

*H. Short* and *A. R. Hynes*, for appellant.  *Goodrich & Defrance, J. W. Montgomery, R. G. Harper* and *H. M. Spofford*, for defendant.

MERRICK, C. J.  At the November term of the Circuit Court of the United States for the Southern District of Mississippi, in the year 1841, the plaintiffs recovered judgment against the defendant for $5000, with eight per cent. interest thereon.  The defendant changed his domicil to Louisiana about January 1st, 1846, but was in the habit of making frequent returns to Mississippi on business.

In 1850, the plaintiffs sued out a writ of *scire facias* upon the judgment, which was returned as to *Valentine*, the defendant, *non est inventus*.  A second writ was issued in 1851, and returned executed September 2d, 1851.  At the May term, 1852, the said defendant having made default, the following judgment was rendered :

"Therefore, it is *considered* by the court, that the said *Morton & Hamner*, plaintiffs, have execution of *the judgment* herein against the said *Mark Valentine*, defendant, for as well *the debt and charges* aforesaid in the said writ of *scire facias specified* according to the form and effect of the recovery aforesaid, and also their costs and charges which they have sustained by reason of the delay of the execution of the said judgment so recovered as aforesaid."

A *fieri facias* was issued within the year, and returned *nulla bona*.

The present suit is to recover said debt, and was commenced by service of citation in November, 1856.

The defendant, among other defences, pleads the prescription of seven years under the Statute of Limitations of Mississippi (admitted by our statute), and the prescription of ten years, under the Art. 3508 C. C. and the statute of 1853. The case, by agreement, was tried upon the pleas of prescription alone.  Judgment having been thereon rendered in favor of defendant, plaintiffs appeal.

The plea under the Mississippi statute of limitations, is admitted by the Act of March 15th, 1855, p. 224. It reads :

" Whenever any contract or obligation has been entered into, or judgment rendered between persons who reside out of the State of Louisiana, and to be paid or performed out of this State, and the said contract, obligation or judgment *is barred* by prescription or the statute of limitations of the place where the contract or obligation is to be performed or judgment executed, the same shall be considered and held as barred by prescription in Louisiana upon the debtor *who is thus discharged subsequently coming into the State.*

The statute of limitations of Mississippi relied upon, is the 8th section of the Act of Feb. 24, 1844, and is in these words, viz :

" Judgments in any court of record in this State shall not be *revived* by *scire facias ;* nor shall any action of debt be instituted thereon after the expiration of seven years next after the date of such judgment ; nor shall any person sue out any execution on any judgment or decree after seven years from the time the last execution issued on such judgment or decree, provided, that the time that the person who is or shall be entitled to the benefit of such judgment or decree, shall have been under the age of twenty-one years, *femme covert,* insane or personally imprisoned, shall not be taken or computed a part of said period of limitation."

It is seen, that the debtor established his domicil in Louisiana *before* the statute of limitations of seven years had run, and it admits of a grave doubt whether his subsequent visits to Mississippi and return home was such a coming into the State *after* the statute of limitation had been acquired, as to entitle him to the benefit of our statute. But without expressing an opinion upon this point, it is sufficient to say, that in order to plead such foreign statute, it must appear that the judgment is BARRED by it. That is, it must be completely barred. It is not sufficient to say, that it is partially barred ; that a part of the remedy is cut off by the statute. For that is not barred, which can be enforced by a single adequate remedy. Now, without considering any other point, this judgment has not been barred by the statute of Mississippi, so far as to cut off the remedy of *scire facias* and execution, because it has been so *adjudged* by a competent court in a proceeding *served upon the defendant,* and neither the defendant nor any court in this Union has the power to say that, that is not true, which has been adjudged between the parties by such competent tribunal. *Res judicata pro veritate accipitur.*

We cannot consider any defence which the defendant may have had to the *scire facias* in the State of Mississippi. He should have pleaded it there. *West Feliciana R. R.* v. *Thornton,* 12 An. 736.

This brings us to the consideration of the prescription of ten years, under our own laws, which presents the real difficulty in the case.

It is argued by the distinguished counsel for the appellee, in substance, that the Mississippi statute gives the judgment creditor three modes of keeping alive his judgment, viz, by continued executions, by *scire facias,* and an action of debt ; that if he resort to the mode of issuing execution, so that his judgment is still alive for that purpose, yet, if he suffer the seven years to elapse from the date of the judgment, he cannot resort to his *scire facias,* or action of debt, although the *last execution* was within seven years, and that it has been so adjudged ; that the *scire facias* accomplishes nothing more than the reiterated executions ; that it creates no *new* judgment, but simply authorized a new execution upon the *old* judgment, which is barred by the prescription of seven or ten years.

MORTON
v.
VALENTINE.

Again, because it has been adjudged that reiterated executions do not interrupt the statute of limitations as to the process of *scire facias*, it is inferred by counsel that *scire facias* does not interrupt the running of the statute of limitation as to the action of debt. And then it is argued, that the present suit is in the nature of an action of debt, and the same rule ought to be applied here which would be applied in the State of Mississippi in regard to the action of debt upon the same judgment.

The argument would be more conclusive if it were shown, that by the law of Mississippi, an action of debt would not lie upon a judgment upon a *scire facias*, or that after debt had been brought upon the old judgment, *scire facias* would not lie upon the judgment in the new action of debt ; that ever after, the only mode to revive would be by the action of debt. If we apprehend the decisions cited, they only prove that the single fact that *the judgment creditor* has taken out repeated executions, does not interrupt the statute of limitations as to *scire facias* or the action of debt. Why ? It may be because they are the simple acts of one of the parties, unaccompanied by any judicial sanction. But it is well known, that the action of debt may be brought upon a judgment for money rendered in any other form of action ; and we are not advised of any law which prevents such action upon the judgment in *scire facias* reviving a former judgment.

But as we have no decision of the Mississippi courts on this point, and as it would be unsafe to infer that a judgment once revived by *scire facias* must always be revived in the same manner, because reiterated executions do not interrupt the statute of limitation either as to a *scire facias* or action of debt, we must endeavor to ascertain the nature of a *scire facias*, in order to know what effect must be given to it. For it must be conceded, that unless *vitality* has been given to the judgment of 1841 by *the judgment* in the *scire facias*, the prescription of ten years has been acquired.

A *scire facias* is an *action*. It is an *original* action when brought upon a recognizance, or to repeal patents. It is a *continuation* of a *former suit* when it is brought to *revive* a judgment. Bouvier Inst., vol. 4, p. 84.

It being an action, it may be supposed that it must have proper parties, and that it admits of a declaration, defences and pleas adapted to its nature. We find that the defendant has precisely the same pleas in bar of the action of *scire facias*, that he would have had to an action of debt upon the same judgment. 4 Bouvier, p. 95 ; Chitty, Pleadings, 104. In the *scire facias*, there must be a plaintiff and defendant, a contestation or its equivalent, and a *judgment*. This *judgment* is in itself something more than an execution, because, like all other judgments, it cuts off and consumes the defences pleaded or which might have been pleaded, and does itself *award execution*. And, on the other hand, if the defence be sustained upon the defendant's pleas in bar, it seems to us that such judgment will have the force of the thing adjudged, not only as to another action of *scire facias*, but any action of debt which may be brought on the original judgment. That this judgment has a *formula* at common law different from assumpsit, or debt, or any other action, does not make it any the less a judgment. It is in form that " the plaintiff have execution of the debt or damages, &c., in the *scire facias* mentioned,"(4 Bouvier, p. 97, No. 3722,) thus recognizing the debt and granting an execution, which is the object of every suit, and as Coke says. " the life of the law." Neither is it any the less a judgment, because it is rendered upon a *continuation* of a former suit. Judgments merely awarding execution are not unknown to our law. The order of seizure and sale is a proceeding of this

kind. It admits of appeal, and it interrupts prescription. The statute of 1853, (p. 250,) relied upon by defendant, also is an example of a proceeding to revive judgments similar to the Mississippi *scire facias*. We think, then, it admits of no doubt, that the conclusion of the court upon the final hearing upon the *scire facias* is something more than an execution. *It is* (as we have already said) *a judgment*. If so, then we are informed by the Constitution of the United States, and the Act of Congress under it, what effect must be given to this judgment in Louisiana. *It must have the same effect here, that it has in the State of Mississippi.* Const. U. S., Art. 4, sec. 1; Act 1790, 26th May; 2 N. S. 600; 7 An. 334; C. P. 746.

What, then. is the effect of the judgment upon the *scire facias* in Mississippi? It is certainly to give vitality and life to a judgment which was inert and lifeless. In the language of the law, it *revived* it. It awarded execution upon the debt and charges recognized by the former judgment. Now, from what judgment did the old debt receive its new life and vigor. The old judgment? That was inert. It must, then, if it has a new life, receive it from the new decree; the judgment upon the *scire facias*, which is the final judgment upon the proceeding. This last decree, by the law of Mississippi, authorized (we must presume, and it is admitted,) execution to run to any county in the State for seven years from its date, for the debt and charges mentioned in the judgment and writ of *scire facias*.

The judgment upon the *scire facias*, which was served upon the defendant, had the effect, then, to interrupt prescription; and so it was adjudged by this court in a similar case.

In the case of *Orman* v. *Neville*, decided in May last, we said upon the plea of prescription to a judgment revived in Ohio by *scire facias :* "As ten years have not elapsed since the revival of the judgment obtained by the plaintiff against the defendant in the State of Ohio, the plea of prescription cannot prevail in this instance." 14 An. 392.

It is further urged, that the law in relation to the *scire facias* is merely *remedial*, and has no extra territorial effect. The case of *Pillet* v. *Edgar*, 4 Rob. 274, when attentively considered, does not sustain the position. On the contrary, it proves, that after a year and a day (as the law then stood), *scire facias*, or a new action of debt, was indispensable to an action upon such judgment here.

If the judgment upon the *scire facias* be a mere remedy, in the sense used by counsel, then every other judgment must be regarded as a remedy having no force beyond the territory where rendered, which would be a confusion of terms. Statutes pertaining to the remedy are merely such as relate to the course and form of proceedings, but do not affect the substance of a judgment when pronounced.

As no prescription, or statute of limitations, has run against the *judgment* upon the writ of *scire facias*, and as that judgment may be executed, whether it give rise to the action of debt or not, we are of the opinion that the pleas must be overruled, and the case remanded for further proceedings according to law; and the judgment will be so entered.

It is ordered, adjudged and decreed, that the judgment of the court below be avoided and reversed; that the pleas of prescription be overruled, and the cause remanded for further proceedings according to law; the costs of appeal to be paid by the defendant and appellee.