(129 So. 811)

## ROPER v. MONROE GROCER CO.

### No. 30734.

July 2, 1930.

Munholland & Munholland, of Monroe, for appellant.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for appellee.

O'NIELL, C. J.

The Monroe Grocer Company, a Louisiana corporation, domiciled in Monroe, La., obtained a judgment against L. W. Roper for $154.44, in a suit before a justice of the peace in Denver, Colo. Roper was then and is yet a resident of Denver, and has never resided in Louisiana. According to the Colorado statute of limitations (Rev. St. 1908, § 4061, p. 1029), the right of recovery on the judgment became barred by the prescription of six years; no action having been taken on the judgment within that time. Sundin v. Frost, 71 Colo. 367, 206 P. 1071; Reed et al. v. Flood, 76 Colo. 139, 230 P. 108. Eight months after the six years had expired, the Monroe Grocer Company bought a quantity of hay from Roper for $230.21, and, when

payment of the price was demanded, claimed credit for the amount of the company's judgment against Roper, with interest and costs. Roper brought suit against the Monroe Grocer Company in Monroe for the price of the hay; and, in answer to the suit, the company acknowledged the debt, but pleaded in compensation the amount of the company's judgment against Roper, with interest and costs, and tendered Roper the difference, $20.44. Roper pleaded that the judgment was prescribed by the Colorado statute of limitations, and by article 3532 of the Civil Code of Louisiana, and could not be pleaded in compensation against a debt which arose after he was released from the judgment by the statute of limitations. The district judge sustained the plea of prescription and gave judgment in favor of Roper for the price of the hay. The Monroe Grocer Company appealed to the Court of Appeal for the Second Circuit, and that court, availing itself of the provisions of the twenty-fifth section of article 7 of the Constitution 1921, has certified to this court the two questions of law, on which the Court of Appeal asks for instructions, viz.

(1) Is the prescription of six years, under the law of Colorado, or the prescription of ten years, under article 3547 of the Civil Code of Louisiana, applicable to the judgment rendered by the justice of the peace in Colorado in favor of the Monroe Grocer Company and against Roper?

(2) If the judgment is prescribed by the Colorado statute of limitations, may the Grocer Company nevertheless set it up in compensation against the claim of Roper, which arose after the judgment was prescribed?

■ 1. The question whether an action is barred by prescription is determined by the law of the place where the action is brought. Code of Practice, art. 13. According to article 3547 of the Civil Code, judgments for money, whether rendered within or outside of this state, are prescribed by the lapse of ten years from the date of rendition. Hence the right of recovery on this judgment against Roper would not be barred by the prescription of six years, under the statute of Colorado, were it not for the provisions of article 3532 of the Civil Code, viz.

"Whenever any contract or obligation has been entered into, or judgment rendered, between persons who reside out of the State of Louisiana, and to be paid or performed out of this state, and such contract, obligation or judgment is barred by prescription or the statute of limitations of the place where the contract or obligation is to be performed or judgment executed, the same shall be considered and held as barred by prescription in Louisiana, upon the debtor who is thus discharged subsequently coming into this State."

We infer from the statement of the Court of Appeal, in the submission of these questions of law, that Roper's first appearance in Louisiana, after the Monroe Grocer Company obtained the judgment against him in Denver, was when he appeared through his attorneys to file this suit against the Monroe Grocer Company, which was subsequent to his being "thus discharged," as the Code says, by the Colorado statute of limitations.

■ Article 3532 of the Civil Code fits the facts of this case, exactly, except for the use of the word "between," in the expression "Whenever any contract or obligation has been entered into, or judgment rendered, between persons who reside out of the State of Louisiana." The judgment rendered against Roper in Denver, Colo., was not ren-

dered *between* persons residing outside of Louisiana, because the plaintiff in the case, the Monroe Grocer Company, was domiciled in Louisiana. But our judgment is that the word "between," as far as it has reference to judgments, means "against." The word "between" was used with reference to contracts, more than with reference to judgments. The language of the article, in other respects, shows that the purpose was to provide that, when a judgment rendered in another state against a resident of that state is barred by prescription or the statute of limitation of the state in which the judgment was rendered, "the same shall be considered and held as barred by prescription in Louisiana, upon the debtor who is thus discharged subsequently coming into this State." In this instance, the judgment debtor was *discharged*, within the meaning of article 3532 of the Code, by the statute of limitations of the state in which the judgment was rendered; and, according to article 3532, the judgment could not be revived against him in Louisiana, "upon the debtor who is thus discharged subsequently coming into this State."

The provisions of article 3532 of the Code were adopted originally by the Act of March 15, 1855, No. 168, p. 224, and were copied literally in the revision of the Civil Code of 1870, and in the Revised Statutes, § 2808. The case of Morton & Hamner v. Valentine (1860) 15 La. Ann. 150, was a suit on a judgment rendered against the defendant in Mississippi, on which judgment all proceedings would have been barred by the prescription of seven years under the Mississippi statute of limitations, but for the fact that the prescription had been interrupted by proceedings taken out in Mississippi. The defendant pleaded that the action on the judgment was barred by prescription, and invoked the provisions of the Act of March 15, 1855, p. 224 (now Rev. Civ. Code, art. 3532, and Rev. Stat. § 2808); but the evidence disclosed, not only that the prescription of seven years under the Mississippi statute had been interrupted by proceedings had in that state, but also that the defendant had come into Louisiana and established a domicile here before the seven years had expired. Hence the court said:

"It is seen, that the debtor established his domicile in Louisiana before the statute of limitations of seven years had run, and it admits of a grave doubt whether his subsequent visits to Mississippi and return home was such a coming into the State after the statute of limitation had been acquired, as to entitle him to the benefit of our statute. But without expressing an opinion upon this **point, it is** sufficient to say, that in order to plead such foreign statute, it must appear that the judgment is barred by it. That is, it must be completely barred."

The difference between that case and the case before us is that in this case the judgment debtor did not come into Louisiana until the judgment had become prescribed by the statute of limitations of the state in which the judgment was rendered. In other words, the judgment debtor in this case, unlike the judgment debtor in the case cited, came within the protection of article 3532 of the Civil Code, in coming into Louisiana after being entitled to the benefit of the statute of limitation of the state in which the judgment was rendered against him.

In the case of Mandeville et al., Trustees, v. Huston, 15 La. Ann. 281, the trustees of a defunct bank in Mississippi brought suit on a judgment rendered in that state, and the defendant pleaded that the action was barred by the prescription of seven years under the Mis-

sissippi statute of limitation, and, that, as the judgment debtor had retained his residence in Mississippi and had not come into Louisiana until the seven years had expired, the Act of March 15, 1855, p. 224 (now article 3532 of the Civil Code), was applicable to the case. The defendant invoked also the Act of May 27, 1846, No. 182, p. 161, declaring that a bank or other corporation of another state or of a foreign country, or creditor under such corporation, under assignment or otherwise, in seeking to enforce the collection of a debt due by a citizen of this state, could not exercise any right which such bank or other corporation, or creditor, as assignee or otherwise, could not exercise by virtue of the laws of the state or country of the domicile of such bank or corporation. It was conceded by the attorneys for the plaintiffs, and was recognized in the opinion of the court, that both statutes, the Act of May 27, 1846, and the Act of March 15, 1855, were applicable if the prescription of seven years, under the Mississippi statute, was not interrupted; and it was found that the prescription of seven years under the law of Mississippi had not been interrupted, and that the action was barred.

In Newman v. Eldridge, 107 La. 315, 31 So. 688, it was held again, as in Morton & Hamner v. Valentine, 15 La. Ann. 150, that article 3532 of the Civil Code (section 2808 of the Revised Statutes) was not applicable where the judgment debtor had come into Louisiana before the judgment against him was prescribed by the law of the state in which it was rendered. We quote from the syllabus:

"But where the judgment debtor comes to this state before the judgment against him is prescribed by the law of the state in which it was rendered, and is here sued on such judgment, the case is not within the excep-tion, and the only prescription to be applied is that established by article 3544 of the Civil Code. And where the action on the judgment is begun, and citation is served, within 10 years from the rendition of said judgment, the prescription so established is interrupted."

The decree rendered in Newman v. Eldridge, however, was set aside on rehearing because the defendant against whom the judgment was rendered was not properly cited.

The prescription of ten years, established by article 3547 of the Civil Code, is applicable, of course, to a judgment rendered in any state in which the statute of limitation makes the term longer than ten years. It was decided in M'Elmoyle v. Cohen, 13 Pet. 312, 10 L. Ed. 177, and is universally recognized, that a state may, without violating the full faith and credit clause, in limiting the time within which an action may be brought on a judgment rendered in another state, make the time shorter than the time allowed by the law of the state in which the judgment was rendered. The Act of March 15, 1855, now article 3532 of the Civil Code and section 2808 of the Revised Statutes, was adopted to provide for a case where the right of recovery on a judgment rendered in another state is limited by the law of that state to a time shorter than the prescription of ten years, established by article 3547 of the Civil Code. In M'Elmoyle v. Cohen, the court said:

"The plea of the statute of limitations, in an action instituted in one state on a judgment obtained in another state, is a plea to the remedy; and consequently, the lex fori must prevail in such a suit.

"Prescription is a thing of policy growing out of the experience of its necessity; and

the time after which suits or actions shall be barred, has been, from a remote antiquity, fixed by every nation, in virtue of that sovereignty by which it exercises its legislation for all persons and property within its jurisdiction.

"There is no constitutional inhibition on the states, nor any clause in the constitution, from which it can be even plausibly inferred, that the states may not legislate upon the remedy, on suits on the judgments of other states, exclusive of all interference with their merits.

"A suit in a state of the United States, on a judgment obtained in the courts of another state must be brought within the period prescribed by the local law, the lex fori, or the suit will be barred."

In a suit brought in this state on a judgment rendered in another state, if the facts are in confirmity with the conditions prescribed by article 3532 of the Civil Code, that article governs the question of prescription; otherwise article 3547 governs; so that, in any case, it is the law of Louisiana that determines whether the right of action is barred by prescription.

■ Our answer, therefore, to the first question propounded by the Court of Appeal, is that, inasmuch as the right of action of the Monroe Grocer Company on the judgment rendered against Roper by the Colorado court was barred by the Colorado statute of limitations before Roper came into Louisiana, "the same shall be considered and held as barred by prescription in Louisiana, upon the debtor who is thus discharged subsequently coming into this State."

■ 2. Our answer to the second question propounded by the Court of Appeal is that, inasmuch as the judgment against Roper was prescribed before the Monroe Grocer Company became indebted to him for the price of the hay, the judgment cannot be pleaded in compensation or set-off against the price of the hay. The reason for that is that the two obligations were not of equal dignity or force when the second obligation arose—one being only a natural obligation, characterized by article 1757 of the Civil Code as "one which cannot be enforced by action," and the other being a civil obligation. A defendant may successfully plead in compensation a claim which would be otherwise prescribed at the time when the plea is made, provided the claim was not prescribed when the claim against which it is pleaded arose; but a defendant cannot successfully plead in compensation a claim which was already prescribed when the claim against which it is pleaded arose. Nichols v. Hanse & Hepp, 2 La. 382; Riddell v. Gormley, 4 La. Ann. 140, citing 7 Toullier, No. 388 and 389; Millaudon v. Lesseps, 17 La. Ann. 246; Lewy v. Wilkinson, 135 La. 105, 64 So. 1003; Oilbelt Motor Co. v. George T. Bishop, Inc., 167 La. 183, 118 So. 881. In Lewy v. Wilkinson, it was held that a person sued as an indorser on a promissory note might plead in compensation notes which he had acquired after indorsing the note sued on, *provided the notes so acquired were not prescribed when acquired*, even though the time for prescription had expired when compensation was pleaded.

Counsel for the Monroe Grocer Company, in their brief, invoke the maxim "Quae temporalia sunt ad agendum perpetua sunt ad excipiendum," and article 20 of the Code of Practice, which provides that he who has a right of action to claim what is due him has even a greater right to invoke the cause of action by way of exception or defense to a suit brought against him. The maxim has no application to a plea of prescription against a claim set up in compensation, where the claim pleaded in compensation has no relation to the claim against which it is

pleaded. Boeto v. Laine, 3 La. Ann. 141, quoting Tropling, Prescriptions, No. 833. In fact, it has been held that the maxim is not applicable where both claims have resulted from the same transaction, and the defendant's claim is set up as a demand in reconvention. In Harris v. New Orleans, Opelousas & Great Western Railroad, 16 La. Ann. 140, the plaintiff sued for $290 damages for the killing of his horse by a locomotive, and the railroad company, claiming that the accident was unavoidable, and denying liability, set up a reconventional demand for $1,500 damages done to the locomotive by the collision. The plaintiff pleaded that the reconventional demand was barred by the prescription of one year, because, although the plaintiff's suit was brought within the year after the collision, the defendant's answer and reconventional demand was filed after the year had gone by. The court sustained the plea of prescription, saying: "The rule 'qua temporalia sunt ad agendum sunt ad excipiendum perpetua,' does not apply to a case of this kind. Boeto v. Laine, 3 La. Ann. 141; Knox v. Thompson, 12 La. Ann. 116."

This case is ordered remanded to the Court of Appeal, with instructions to affirm the judgment of the district court.