No. 3815

Second Circuit

## ROPER v. MONROE GROCER CO.

(July 5, 1930. Opinion and Decree.)

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, attorneys for plaintiff, appellee.

Munholland & Munholland, of Monroe, attorneys for defendant, appellant.

ODOM, J. L. W. Roper, the plaintiff,

who is a resident of the state of Colorado, brought suit against the Monroe Grocer Company, Limited, a Louisiana corporation, domiciled and having its principal place of business at Monroe, Louisiana, to recover the price of a carload of hay shipped by plaintiff from Colorado to the defendant company at Ruston, Louisiana.

The defendant company admitted that the amount sued for is correct but pleaded in compensation or set-off the amount of a judgment which it had previously obtained in a magistrate's court in the city of Denver, state of Colorado, against the plaintiff, Roper. The plaintiff pleaded that the judgment against him was prescribed under the laws of the state of Colorado. The lower court sustained Roper's plea of prescription and rendered judgment in his favor for the amount sued for. The only points involved are whether the prescription of ten years, under Article 3547 of the Civil Code of Louisiana, is applicable to a judgment rendered in the state of Colorado and whether a judgment rendered in another state and prescribed under the laws of that state may be pleaded in compensation against a debt arising under the laws of this state.

This court certified the case to the Supreme Court and propounded to it the following questions and asked for instructions, to-wit:

"1. Is the prescription of six years, under the law of Colorado, or the prescription of ten years, under Article 3547 of the Civil Code of Louisiana, applicable to the judgment rendered by the Justice of the Peace in Colorado in favor of the Monroe Grocer Company and against Roper?

"2. If the judgment is prescribed by the Colorado statute of limitations, may the Grocer Company nevertheless set it up in compensation against the claim of Roper, which arose after the judgment was prescribed?"

The Supreme Court, in answer, to the first interrogatory, said:

"Our answer, therefore, to the first question propounded by the Court of Appeal, is that, inasmuch as the right of action of the Monroe Grocer Company on the judgment rendered against Roper by the Colorado court was barred by the Colorado statute of limitations before Roper came into Louisiana, 'the same shall be considered and held as barred by prescription in Louisiana, upon the debtor who is thus discharged subsequently coming into this state.'"

In answer to the second question propounded, the court said:

"Our answer to the second question propounded by the Court of Appeal is that, inasmuch as the judgment against Roper was prescribed before the Monroe Grocer Company became indebted to him for the price of the hay, the judgment cannot be pleaded in compensation or set-off against the price of the hay. The reason for that is that the two obligations were not of equal dignity or force when the second obligation arose—one being only a natural obligation, characterized by article 1757 of the Civil Code as 'one which cannot be enforced by action,' and the other being a civil obligation. A defendant may successfully plead in compensation a claim which would be otherwise prescribed at the time when the plea is made, provided the claim was not prescribed when the claim against which it is pleaded arose; but a defendant cannot successfully plead, in compensation a claim which was already prescribed when the claim against which it is pleaded arose. Nichols v. Hanse & Hepp, 2 La. 382; Riddell v. Gormley, 4 La. Ann. 140, citing 7 Toullier, No. 388 and 389; Millaudon v. Lesseps, 17 La. Ann. 246; Lewy v. Wilkinson, 135 La. 105, 64 So. 1003; Oilbelt Motor Co. v. Geo. T. Bishop, Inc., 167 La. 183, 118 So. 881. In Lewy v. Wilkinson, it was held that a person sued as an indorser on a promissory note might plead in compensation notes which he had acquired after indorsing the note sued on, provided the notes so acquired were not prescribed when acquired, even though the

time for prescription had expired when compensation was pleaded.

"Counsel for the Monroe Grocer Company, in their brief, invoke the maxim 'qua temporalia sunt, ad agendum perpetue sunt ad excipiendum,' and article 20 of the Code of Practice, which provides that he who has a right of action to claim what is due him has even a greater right to invoke the cause of action by way of exception or defense to a suit brought against him. The maxim has no application to a plea of prescription against a claim set up in compensation, where the claim pleaded in compensation has no relation to the claim against which it is pleaded. Boeto v. Laine, 3 La. Ann. 141, quoting Tropling, Prescriptions, No. 833.

"In fact it has been held that the maxim is not applicable where both claims have resulted from the same transaction, and the defendant's claim is set up as a demand in reconvention. In Harris v. New Orleans, Opelousas & Great Western Railroad, 16 La. Ann. 140, the plaintiff sued for $290 damages for the killing of his horse by a locomotive, and the railroad company, claiming that the accident was unavoidable, and denying liability set up a reconventional demand for $1,500 damages done to the locomotive by the collision. The plaintiff pleaded that the reconventional demand was barred by the prescription of one year, because, although the plaintiff's suit was brought within the year after the collision; the defendant's answer and reconventional demand was filed after the year had gone by. The court sustained the plea of prescription, saying: 'The rule "Qua temporalia sunt ad agendum sunt ad excipiendum perpetua," does not apply to a case of this kind. Boeto v. Laine, 3 La. Ann. 141; Knox v. Thompson, 12 La. Ann. 116.'

"This case is ordered remanded to the Court of Appeal, with instructions to affirm the judgment of the district court."

See case No. 30734, L. W. Roper v. Monroe Grocer Co., 129 So. 811, on the docket of the Supreme Court, rendered Wednesday, July 2, 1930.

The judgment appealed from is therefore affirmed, with costs in both courts.