### TINSLEY et al. v. MILLS.
### No. 367 Civil.

District Court, E. D. Louisiana, New Orleans Division.

Dec. 30, 1940.

William Estopinal, of Gulfport, Miss., and A. H. Reed, of New Orleans, La., for plaintiffs.

Hugh M. Wilkinson and A. Miles Coe, both of New Orleans, La., for defendant.

CAILLOUET, District Judge.

The complaint of the plaintiffs, George Ainsworth and Bob Tinsley, against the defendant Henry Mills, which was filed on July 19, 1940, prays for judgment in favor of the first named plaintiff against the said defendant, in the total sum of $10,000, and for judgment in favor of the second named plaintiff and against the said defendant, in the total sum of $18,650; and sets out in detail the alleged tort, with claimed resultant damages to plaintiffs, for which they seek recovery.

The occurrence in question is alleged to have taken place at Gulfport, Harrison County, Miss., during the month of July, 1938.

622

A supplemental and amended complaint was filed on July 31, 1940, which reiterated "all and singular the allegations contained in the original complaints on file herein, except those allegations hereinafter supplemented and amended," and which did specifically seek to have the name of the defendant, Henry Mills, "supplemented" by that of A. G. Mills.

Whilst one might fairly assume that plaintiffs intended to "substitute" the name of A. G. Mills for that of Henry Mills, their pleading reads "supplemented", and both Henry Mills and A. G. Mills have filed answers, respectively, and have incorporated therein, under authority of Rule 8 (c), of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following Section 723c, the following plea of prescription and limitation, viz.: "said claim or claims or cause or causes of action had long since prescribed at the time of the filing of said complaint, under the laws and statutes of Louisiana, and particularly Article 3536 of the Revised Civil Code of Louisiana, as well as under the laws and statutes of Mississippi, and particularly Section 2302 of the Mississippi Code of 1930; and defendant specially pleads prescription against this suit and the alleged claims and alleged causes of action therein contained."

Upon motion of the attorneys for the plaintiffs, this special plea was taken up and tried.

Defendants' counsel contend that the said mentioned Article 3536 of the Louisiana Civil Code is to be applied, and that plaintiffs' action is, therefore, prescribed by one year, but that even if the lex fori be not applicable, then, even under Section 2302 of the Mississippi Code of 1930, said cause of action is likewise barred because more than one year has elapsed since the accrual of the plaintiffs' alleged cause of action.

Plaintiffs' counsel, on the other hand, urge that, under Section 2310 of said 1930 Code, there has been a tolling or interruption of the one year limitation, by reason of the defendants' having absented themselves from, or resided out of, the State of Mississippi, ever since the occurrence of the alleged tort for which damages are sought to be recovered.

■ However, if there were legal basis for holding that Mississippi law, and not Louisiana law, should govern in the determination of the question presently at issue, plaintiffs' pleadings do not, in the least, reflect any such situation as would justify even the assumption of such continued absence and non-residence.

Under like circumstances, in the case of Le Mieux Bros. Corporation v. Armstrong, 91 F.2d 445, 446, decided by the Circuit Court of Appeals for this Fifth Circuit, in 1937, the Court's opinion read in part: "Appellant in its brief says the Mississippi 'absence' statute protects it. This will not do, for it has not pleaded, it cannot plead, that statute in avoidance of the bar. It has not pleaded it either expressly or by implication. One relying on such a statute to save his case must invoke it and plead the facts which make it applicable. Sims v. Tigrett, 229 Ala. 486, 158 So. 326. Nowhere in his pleading is the statute mentioned or invoked, nor are any facts pleaded which would give it application."

■ But there is no question that the suit having been brought in this Federal Court for the Eastern District of Louisiana, the provisions of Article 3536 of the Louisiana Civil Code are properly applicable, and not the laws of Mississippi.

In the case of Dunn Const. Co. v. Bourne, 172 Miss. 620, 159 So. 841, decided by the Supreme Court of Mississippi in 1935, it was held, for instance, that as to a cause of action arising in another State (Louisiana), Mississippi rules of procedure, which (it was emphasized by the Court) include Mississippi statutes of limitations, were properly enforcible, instead of Louisiana's laws of prescription, in the suit, before the Mississippi Courts, founded upon such cause of action.

The Supreme Court of the United States, as early as 1830, in the case of M'Cluny v. Silliman, 3 Pet. 270, 7 L.Ed. 676, held that: "* * * It is a well-settled principle, that a statute of limitations is the law of the forum, and operates upon all who submit themselves to its jurisdiction."

See also: Scudder v. Union Nat. Bank of Chicago, 1875, 91 U.S. 406, 23 L.Ed. 245; Gregory et al. v. Southern Pac. Co., C.C.Or.1907, 157 F. 113; Wood & Selick, Inc., v. Compagnie Generale Transatlantique, etc., 2 Cir., 1930, 43 F.2d 941; Van Dyke v. Parker, 9 Cir., 1936, 83 F.2d 35.

As stated by 15 C.J.S., Conflict of Laws, § 22, p. 953, the rule is that: "The lex fori governs with respect to limitations of actions except in cases where a statutory right is limited in duration by the statute creating it."

Plaintiffs' counsel insistently refer to the fact that the cause of action here at issue is not predicated or based upon any statute, but is a common law right; but, as was held in Illinois Power & Light Corporation v. Hurley et al., 8 Cir., 1931, 49 F. 2d 681, where the cause of action is based on common law, and is transitory in character, the laws of the State where the action arose do not determine the remedies applicable, and in a common law action for tort which occurred in one State, brought in a Federal Court of another, the plaintiff can not invoke the statute of limitations of the former State; in such an instance, it is the lex fori that governs.

Finally, the question is definitely set at rest by Munos et al. v. Southern Pac. Co., 51 F. 188, 190, decided by the Circuit Court of Appeals of this Fifth Circuit, in the year 1892, wherein it was said: "* * * 'Laws limiting the time of bringing suits constitute a part of the lex fori of every country; they are laws for administering justice, one of the most sacred of sovereign rights.' Hawkins v. Barney, 5 Pet. 457 [8 L.Ed. 190]; McElmoyle v. Cohen, 13 Pet. 312 [10 L.Ed. 177]; Amy v. Dubuque, 98 U.S. 470 [25 L.Ed. 228]. 'Remedies are governed by the lex fori.' Dixon v. Ramsay, 3 Cranch 319 [2 L.Ed. 453]; Bank v. Donnally, 8 Pet. 361 [8 L.Ed. 974]; Wilcox v. Hunt, 13 Pet. 378 [10 L.Ed. 209]; Bacon v. Howard, 20 How. 22 [15 L.Ed. 811]; Pritchard v. Norton, 106 U.S. 124, 1 S.Ct. 102 [27 L.Ed. 104]; Walsh v. Mayer, 111 U.S. 31, 4 S.Ct. 260 [28 L.Ed. 338]; Michigan Ins. Bank v. Eldred, 130 U.S. 693–696, 9 S.Ct. 690 [32 L.Ed. 1080]. 'Where torts are committed in foreign countries, or beyond the territorial jurisdiction of the sovereignty in which the action is brought, the lex fori governs, no matter whether the right of action depends upon the common law or a local statute, unless the statute which creates or confers the right limits the duration of such right to a prescribed time. This will appear from an examination of the following authorities: Poll. Torts, (Textbook Series), 130; Wood, Lim. Act. p. 23, § 9; Nonce v. Railroad Co. [C.C.], 33 F. 429; The Harrisburg, 119 U.S. 199, 7 S.Ct. 140 [30 L.Ed. 358]; Boyd v. Clark [C.C.], 8 F. 849; Eastwood v. Kennedy, 44 Md. 563; Railroad Co. v. Hine, 25 Ohio St. 629; O'Shields v. Railway Co., 83 Ga. 621, 10 S. E. 268 '[6 L.R.A. 152].'"

In view of the foregoing, the defendants' plea of one year prescription, under Article 3536 of the Revised Civil Code of Louisiana, must be held to be well-founded in law, and the plaintiffs' suit should be dismissed at their cost.

The proper decree, in consonance herewith, may be submitted for signature.