**James P. MARTIN, Plaintiff,**

v.

**TEXACO, INC. and W. H. Shelley,
Defendants.**

**Civ. A. No. 67–1186.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Feb. 8, 1968.

James L. Norton, for plaintiff.

Patrick J. Butler, New Orleans, La., for defendants.

RUBIN, District Judge:

The defendant urges, and the Court finds, that prescription has run against the plaintiff's claim that the defendant caused the plaintiff to lose an opportunity to sell his business to Hagan Parmley in February, 1964.

Suing on the basis of diversity, the plaintiff says that Parmley offered to buy his business consisting of five (5) Texaco service stations, all located in Mississippi, on February 12, 1964. Martin wrote Texaco at its Louisiana office to tell them of the offer because Texaco had a right to purchase the stations. Texaco wrote Martin, advising him that it was not interested in buying, and in addition, wrote directly to Parmley in Texas telling him that, if the

stations were sold, it might elect to put the stations on a direct delivery basis instead of a consignee delivery from its Gulfport, Mississippi, bulk plant. This caused Parmley to change his mind and retract his offer on March 11, 1964. Martin claims damages resulting from the retraction. Suit was filed on August 16, 1967.

The plaintiff concedes, as indeed it must, in view of the clear language of Louisiana Civil Code Article 3536, that the prescriptive period in Louisiana for torts is one year, and that, therefore, if this action is governed by Louisiana law, prosecution of it is barred by the lapse of time.

■ The doctrine of Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, tells us that in a diversity action a federal court must apply state law, and Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 tells us that this means state rules of conflict of laws. See also Wells v. Simonds Abrasive Co., 1953, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211.

■ It is a universal principle of American[1] conflict of laws that the statute of limitations of the forum, rather than that of the place where the right in tort arose or where the plaintiff resides, is applicable to all actions. McCluny v. Silliman, 1830, 28 U.S. (3 Pet.) 270, 276–277, 7 L.Ed. 676; Association for Preservation of Freedom of Choice Inc. v. Simon, 2 Cir., 1962, 299 F.2d 212, 214; Alropa Corp. v. Rossee, 5 Cir., 1936, 86 F.2d 118, 119; Restatement, Conflict of Laws § 603; Goodrich, Conflict of Laws 152 (1964). This also is the rule in Louisiana. Newman v. Eldridge, 1902, 107 La. 315, 31 So. 688; Roper v. Monroe Grocer Company, 1930, 171 La. 181, 129 So. 811, 75 A.L.R. 197. And where suit is brought in federal court in Louisiana for a tort allegedly committed in Mississippi, the United States District Court has held the Louisiana statute of limitations applicable. Tinsley v. Mills, E.D.La., 1940, 36 F.Supp. 621. See also Metropolitan Life Insurance Co. v. Haack, W.D.La., 1943, 50 F.Supp. 55. This is the view approved by the Court of Appeals for the Fifth Circuit. Kozan v. Comstock, 5 Cir., 1959, 270 F.2d 839, 80 A.L.R.2d 310; Fidelity & Casualty Company of New York v. C/B Mr. Kim, 5 Cir., 1965, 345 F.2d 45, 50.[2]

■ Plaintiff has referred the Court to Cope v. Anderson, 1947, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602. But in that case the United States Supreme Court merely dealt with whether the "borrowing statutes" of Ohio and Pennsylvania should be applied to bar causes of action that were not barred by the law of the forum. The Supreme Court concluded that the "borrowing statutes" were applicable. Obviously this case provides no support for the proposition that the Mississippi statute of limitations ought to be applied in this case. On the contrary, the Supreme Court's opinion proceeded on the assumption that but for the "borrowing statute"—which reduced the time in which the action had to be brought—the law of the forum

---

1. A different rule is usually applied in civil law countries. See Ehrenzweiz, Conflict of Laws 428 (1962).

2. Act 15 of 1960, enacting the Code of Civil Procedure of 1960, repealed the Code of Practice of 1870 and thus Article 13 of that Code providing: "The forms, the effects and the prescription of actions are governed by the law of the place where they are brought * * *."
The repeal of Article 13 and the fact that its substance was not reenacted elsewhere should not affect the result here, because it is clear from the proceedings of the Louisiana State Law Institute that no substantive change was intended by the deletion of that article. "Since the rules embodied [in Article 13] are substantive, and not procedural, the Reporter was of the opinion that there was no necessity of incorporating these rules into the new procedural code." Code of Practice, Reporter's Revision Materials (prepared for the meeting of the Council on November 6 and 7, 1953), page 16a. See also Revision Exposè No. 5, pp. 23–24 (1954). Both documents are on file in the Law Library, Louisiana State University.

determined the appropriate statute of limitation. The "borrowing statute" was applied because it was the law of the forum.

The motion for summary judgment is therefore granted, and the action is dismissed. The Clerk will enter judgment accordingly.