WILLIAM M'CLUNY, PLAINTIFF IN ERROR *vs.* WYLLIS SILLIMAN,
DEFENDANT IN ERROR.

The plaintiff sued the defendant, as register of the United States land office in
Ohio, for damages, for having refused to note on his books applications made
by him for the purchase of land within his district. The declaration charged
the register with this refusal, the lands had never been applied for nor sold,
and were at the time of the application liable to be so applied for and sold.
The statute of limitations is a good plea to the suit.

It is a well settled principle that a statute of limitations is the law of the forum,
and operates upon all who submit themselves to its jurisdiction. [276].

Under the thirty-fourth section of the judiciary act of 1789, the acts of limitations
of the several states, where no special provision has been made by congress,
form a rule of decision in the courts of the United States, and the same effect
is given to them as is given in the state courts. [277]

Construction of the statute of limitations of the state of Ohio. [278]

Where the statute of limitations is not restricted to particular causes of action,
but provides that the action, by its technical denomination, shall be barred if
not brought within a limited time, every cause for which such action may be
prosecuted is within the statute. [278]

In giving a construction to the statute of limitations of Ohio, the action being
barred by its denomination, the court cannot look into the cause of action.
They may do this in those cases where actions are barred for causes specified
in the statute; for the statute only operates against such actions, when prose-
cuted on the grounds stated. [278]

Of late years the courts in England and in this country have considered statutes
of limitations more favourably than formerly. They rest upon sound policy,
and tend to the peace and welfare of society. The courts do not now, unless
compelled by the force of former decisions, give a strained construction, to
evade the effect of those statutes. By requiring those who complain of inju-
ries to seek redress by action at law within a reasonable time, a salutary vigi-
lance is imposed, and an end is put to litigation. [278]

ERROR to the circuit court of Ohio.

In the circuit court of Ohio, the plaintiff in error instituted
a suit on the 15th of December 1823, against the defendant,
who was register of the United States land office at Zanes-
ville, to recover damages for having, as register, refused to
enter an application in the books of his office, for certain
lands in his district; the entry having been required to be
made according to the provisions of the tenth section of the
act of congress, passed the 18th of May 1796, entitled "an

[M'Cluny vs. Silliman.]

act providing for the sale of the lands of the United States, in the territory north west of the river Ohio, and above the mouth of the Kentucky river." The declaration charges, that the register, on the 2d of August 1810, refused to enter the application, although the lands had never been legally applied for or sold, and were then liable to be applied for and sold.

The defendant pleaded not guilty, and not guilty within six years before the commencement of the suit. To the latter plea there was a demurrer, and joinder in demurrer. The circuit court overruled the demurrer, and sustained the plea of the statute of limitations. The plaintiff prosecuted this writ of error; and sought to reverse the judgment on the grounds:

1. That the statute of limitations does not apply to an action upon the case brought for an act of nonfeasance or misfeasance in office.

2. That no statute of limitations of the state of Ohio, then in force, is pleadable to an action upon the case brought by a citizen of one state against a citizen of another, in the circuit court of the United States for malfeasance or non-feasance in office, in a ministerial officer of the general government; and especially where the plaintiff's rights accrued to him under a law of congress.

Mr Doddridge, for the plaintiff in error, argued, that there are many cases within the words of the statute of 21 James I. ch. 16, for limitation of personal actions, which are not within its meaning; as debt against a sheriff for an escape; debt against a sheriff for money levied; actions ex maleficio; debt for not setting out tithes under the statute, although founded on the highest record, an act of parliament; debt on award, although founded on contract. 1 Saund. Rep. tit. Statute. 5 Bac. 509. 2 Lev. 191. Esp. N. P. 653.

Out of the clause limiting actions for words, are excepted, slander of title; scandalum magnatum. Cro. Ch. 141. Esp. N. P. 519.

The statute does not extend to trusts, to charities or to

legacies. 3 Bac. Ab. 510. 2 Lord Ray. 852, 935. 1204. Salk. 361, pl. 11.　5 Mod. 308.　1 Wash. 145.　4 Munf. 222.

　Statutes of limitation are *leges fori ;* and it rests with the sovereign power of the state to say how far the interests of the society it represents require that its own courts shall be kept open to give redress in each particular case, or whether there shall be any limitation of personal actions. It peculiarly belongs to each government to say how long its ministerial officers shall be exposed to the claims of those who consider themselves aggrieved by their acts of mis-feasance or nonfeasance; consequently, in such cases, the statutes of limitation of one state cannot be pleaded in bar in the courts of another state. 2 Mass. 84.　1 Caines, 402.　3 Johns. 261, 263.　2 Johns. 198.　2 Vern. 540.　13 East, 439, 450.　7 Mass. 515.　3 Johns. Ch. Rep. 217, 219.　17 Mass. 55.

Neither in Virginia, nor in Pennsylvania, nor in New York, are cases found of a plea of the statute of limitations in an action arising ex maleficio.　It is claimed, that the right to such a plea does not exist in the courts of either of those states.　There are no cases in this court.　In all those in which the plea of the statute of limitations has been sustained, the statutes of the state have been pleaded to suits in the federal courts.　2 Cranch, 272,　1 Condensed Rep. 411.　Hopkirk vs. Bell, 3 Cranch, 454, 1 Condensed Rep. 595.　Mandeville et al. vs. Wilson.　5 Cranch, 15.　7 Cranch, 156.　8 Cranch, 84.　3 Wheat. 541.　5 Wheat. 124. 6 Wheat. 481, 497.

The nature of the case prevents there being a state decision in affirmance of the principles claimed for the plaintiff in error.　The question is no more or less than this : where a duty is created by an act of congress, to be performed by a ministerial officer of the general government, for the benefit of a citizen of another state, whose rights grow out of the same law, and the injured party, as a citizen of another state, sues the officer in a federal court for malfeasance or for nonfeasance ; can that officer plead in bar a statute of the state made for the protection of *its own* ministerial officers ?

The circuit court in the trial of civil actions arising under the law of a state, or cognizable by its courts, where a citizen of another state or a foreigner is plaintiff, act precisely as a state court, and is bound to interpret and enforce its laws as they are made to operate in the state courts.

If the law of Ohio can be pleaded at all, it is the act of the 24th of January 1810, which went into operation the 1st of June 1810; the act which is the cause of action in this suit having been done in August 1810. That law, 4 Ohio Laws, page 62, sect. 1, provides " that all actions of trespass for assault, menace, battery, or wounding, actions of slander for words spoken or libel, or false imprisonment, shall be brought within one year next after the cause of such actions or suits; and all actions upon book accounts, and for forcible entry and detainer, shall be brought within four years next after the cause of such actions and suits; and all actions of trespass upon real property, trespass, detinue, trover and conversion, and replevin, all actions on the case, or of debt for rent, shall be sued or brought within six years next after the cause of such action arose."

This act is not a copy of the statute of James I. ch. 16; and all the objections that would urge the exemption of suits, ex maleficio, from that statute, may be presented under the law of Ohio; other exceptions may also be claimed. " Actions on the case" are associated with actions arising ex contractu; and thus actions arising out of contract are only intended to be provided for—nothing is said in the law of actions ex maleficio.

If actions of this kind are embraced by the act of 1810, they are only so by a forced construction of the words " actions on the case," associated and classed in the same statute with various actions arising ex contractu: while in a subsequent law of Ohio, passed in 1824, they are described in express terms, and naturally associated in the same sentence with various other actions, arising ex delicto.

But if these actions are embraced in the act of 1810, they must be such only as may be prosecuted against officers of the state. Actions against officers of the United States were not in the view or contemplation of the legislature of

Ohio when the law was enacted, nor did they intend to afford protection to any officer but one of the state. Certainly the legislature had not before them the protection of the registers of the United States land office, from suits for a violation of duties by which the citizens of Ohio might be injured.

To apply the regulations of the several states to such cases, would produce the absurdity and injustice of different laws, and different limitations existing in different states. If the power of state legislatures to limit actions against officers of the United States is admitted, the power over those officers might be exercised in other and in oppressive legislative provisions.

The statute of Ohio cannot be enlarged by construction, so as to apply it to things not properly within state control, nor within the intention contemplated by those who enacted it.

Mr Berrien, attorney general, for the defendant in error, contended; that the application and authority of state statutes of limitations to suits in the circuit courts of the United States, had been frequently decided in this court. What may have been the intention of the legislatures of the states in enacting limitation laws is not inquired into, and is not material; the only question is, whether the law applies to the case. Faw vs. Roberdeau, 3 Cranch, 174, 1 Condensed Rep. 483. Hopkirk vs. Bell, 3 Cranch, 454, 1 Condensed Rep. 595. Marsteller vs. M'Clean, 7 Cranch, 156, 158. King vs. Riddle, 7 Cranch, 168. Bond vs. Jay, 7 Cranch, 350. Clementson vs. Williams, 8 Cranch, 72, &c.

It is admitted that this action was not commenced within six years, and that it is in its nature an action which would be within the operation of the law of Ohio, unless a construction shall be given to that law different from the general and usual import of its terms.

The argument, that the association of the action on the case with debt for rent, proves that pecuniary actions were only to be barred, will not be found correct; as " forcible entry and book accounts" are in the same association.

The plain and obvious construction of the law is that which has been given by the circuit court. The different kinds of action, and causes of action upon which the limitations of the law were intended to operate, were in the view and purpose of the legislature of Ohio ; the association or classification was not because the cases were analogous, or had an affinity one to the other, but because of the intention that the action of the statute should be the same as to time on each of the members of the class.

The words of the statute of Ohio being general, unless the officers under the government of the United States are especially exempted, they may avail themselves of its provisions.

Cited, 2 Stark. on Ev. 901. 1 Saund. 37. 3 Bacon, 509. Ballantine on Limitations, 88.

Mr Justice M'Lean delivered the opinion of the Court :

This suit was brought by the plaintiff against the defendant, as register of the United States land office at Zanesville, in the district of Ohio. The declaration charges, that on the 2d of August, in the year 1810, the plaintiff produced to the defendant, in his office of register, the receipts of the receiver of public moneys at that office, as follows, viz. one number three thousand two hundred and fifty-five, and another number three thousand two hundred and fifty-six, amounting together to the sum of one hundred and ninety dollars eighty-nine cents of moneys paid by the plaintiff to the receiver, for the purchase of public lands in the said district, being the one-twentieth part of the purchase money for section number six, in township number twelve, and range number thirteen, and fraction number five, in the same township and range adjoining the said section ; and for section number twelve, and fraction number one, adjoining in township number thirteen, and range number fourteen of public lands within that district : and that the plaintiff then and there applied to the defendant for the purchase of the said lands, that is, each of the said sections with the fractions attached according to law, and requested that his applica-

tion should be entered on the books of the defendant's office ; upon which application, the defendant informed the plaintiff that the said lands had been sold at Marietta, before the establishment of the land office at Zanesville ; and if not so sold there, that they had not been offered at public sale at Zanesville : whereupon the plaintiff insisted on his applications, and requested to have them entered, according to the provisions of the tenth section of the act of congress, approved the 18th of May 1796, entitled "an act providing for the sale of the lands of the United States, in the territory north west of the river Ohio, and above the mouth of Kentucky river." The declaration then charges, that the register refused to enter the application, although the lands had never been legally applied for nor sold, and were then liable to be applied for and sold. The damages are laid at fifty thousand dollars.

To this declaration the defendant pleaded not guilty, whereupon issue is joined ; and not guilty within six years before the commencement of the suit. To the latter plea there is a general demurrer, and joinder in demurrer. The circuit court of the United States for the district of Ohio overruled this demurrer, and sustained the plea of the statute of limitations; and this writ of error is brought to reverse that decision.

For the plaintiff in error, it is contended :

1. That the statute of limitations does not apply to an action upon the case, brought for an act of nonfeasance or malfeasance in office.

2. That no statute of limitations of the state of Ohio, then in force, is pleadable to an action upon the case brought by a citizen of one state against a citizen of another, in the circuit court of the United States, for malfeasance or nonfeasance in office, in a ministerial officer of the general government, and especially where the plaintiff's rights accrued to him under a law of congress.

The decision in this cause depends upon the construction of the statute of Ohio, which prescribes the time within which certain actions must be brought. It is a well settled

[M'Cluny *vs.* Silliman.]

principle, that a statute of limitations is the law of the forum, and operates upon all who submit themselves to its jurisdiction.

In the thirty-fourth section of the judiciary act of 1789, it is provided, "that the laws of the several states, except where the constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

Under this statute, the acts of limitations of the several states, where no special provision has been made by congress, form a rule of decision in the courts of the United States, and the same effect is given to them as is given in the state courts. The act in question provides, "that all actions hereinafter mentioned, shall be sued or brought within the time hereinafter limited; all actions of trespass for assault, menace, battery and wounding, actions of slander for words spoken or libel, and for false imprisonment, within one year next after the cause of such actions or suits; and all actions of book accounts, or for forcible entry and detainer, or forcible detainer, within four years after the cause of such action or suits; and all actions of trespass upon real property, trespass, detinue, trover and conversion and replevin, all actions upon the case, and of debt for rent, shall be sued or brought within six years next after the cause of such actions or suits."

It is contended, that this statute cannot be so construed as to interpose a bar to any remedy sought against an officer of the United States, for a failure in the performance of his duty: that such a case could not have been contemplated by the legislature; that the language of the statute does not necessarily embrace it; and consequently, the statute can only apply in cases of nonfeasance or malfeasance in office, to persons who act under the authority of the state, and are amenable to it.

It is not probable that the legislature of Ohio, in the passage of this statute, had any reference to the misconduct of an officer of the United States. Nor does it seem to have been their intention to restrict the provision of the statute

to any particular causes for which the action on the case will lie. In the actions of trespass, debt, and covenant specified, the particular causes of action barred by the statute are stated; but this is not done in the action on the case, nor is it done in the action of detinue, trover and conversion, and replevin.

Where the statute is not restricted to particular causes of action, but provides that the action, by its technical denomination, shall be barred, if not brought within a limited time, every cause for which the action may be prosecuted is within the statute.

If the statute required the action of debt for rent to be brought within six years from the time the cause of action arose, the bar could extend to no other action of debt. But, if the statute provided that all actions of debt should be prosecuted within six years, then it would operate against the action, for whatever cause it was brought.

The action on the case must be brought within six years from the time the cause of action arose, and it is immaterial what that cause may be; the statute bars the remedy, by this form of action, if it be not prosecuted within the time.

In giving a construction to this statute, where the action is barred by its denomination, the court cannot look into the cause of action. They may do this in those cases where actions are barred when brought for causes specified in the statute; for the statute only operates against such actions when prosecuted on the grounds stated.

By bringing his action on the case, the plaintiff has selected the appropriate remedy for the injury complained of. This remedy the statute bars. Can the court then, by referring to the ground of the action, take the case out of the statute.

The demurrer admits the plea of the statute; and as it declares, in express terms, that the action is barred, the court can give no other effect to it by construction.

Of late years the courts in England, and in this country, have considered statutes of limitations more favourably than formerly. They rest upon sound policy, and tend to the peace and welfare of society. The courts do not now, unless

[M'Cluny *vs.* Silliman.]

compelled by the force of former decisions, give a strained construction, to evade the effect of those statutes. By requiring those who complain of injuries to seek redress, by action at law, within a reasonable time, a salutary vigilance is imposed, and an end is put to litigation.

The judgment in this case must be affirmed.


This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Ohio, and was argued by counsel; on consideration whereof, it is ordered and adjudged by this court, that the judgment of the said circuit court in this cause be, and the same is hereby affirmed with costs.