284 So.2d 664 (1973)
E. J. GIERLING, Jr., d/b/a Mutual Credit Association, Plaintiff-Appellee,
v.
Herbert B. GARNER, Defendant-Appellant.
No. 4326.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
*665 Eatman & Hunter by Henley A. Hunter, Shreveport, for defendant-appellant.
Gahagan & Kelly by Donald G. Kelly, Natchitoches, for plaintiff-appellee.
Before FRUGÉ, SAVOY and DOMENGEAUX, JJ.
FRUGÉ, Judge.
This is a suit on a promissory note. Suit was filed on February 20, 1973, there being no answer by defendant, a default judgment was confirmed. Defendant perfected a devolutive appeal. We reverse.
The record reveals that a petition was filed alleging the defendant was indebted to the plaintiff in the sum of $214.76 with interest, being the unpaid principal balance of a matured note held by the plaintiff. The note was attached to the petition. Examination of the note reveals that it was made by the defendant and his wife in Indianapolis, Indiana, on October 24, 1961, in the principal sum of $410.00. The maturity date was May 2, 1963. Also introduced into the record was the payment sheet of the defendant which revealed the last payment was made May 6, 1963. The defendant, having failed to answer, has appealed filing a peremptory exception of prescription in this court.
The filing of the peremptory exception of prescription in the appellate court is specifically provided for in the Code of Civil Procedure and Louisiana Civil Code. Article 2163 of the Louisiana Civil Code of Procedure provides the appellate court may consider peremptory exceptions filed in that court prior to the submission of the case and if proof of the ground of the exception appears in the record.[1] Louisiana Civil Code Article 3464 specifically provides that prescription may be pleaded at every stage of a cause, even on appeal. The appellant in this case has properly filed the plea of prescription in the pleadings of this court, therefore, he timely pled the peremptory exception of prescription even though he raised no defenses in the trial court. Lewis Roy Motors, Inc. v. Pontier, 204 So.2d 423 (La.App. 3rd Cir., 1967). There is ample evidence in the record to consider the grounds of the exception of prescription, since the note, together with the scheduled payments and an affidavit of the plaintiff is attached.
Defendant argues that the prescriptive period of the promissory note is governed by the Louisiana Civil Code Article 3540 which reads as follows:
"Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by indorsement or delivery, and those on all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable." *666 The appellee, however, insists that the laws of Indiana apply to the considerations of the issues of prescription. Appellee urges that we consider the fact that the note was executed in the State of Indiana and that at the time he executed the note, the appellant, Garner, was a resident of Indianapolis. Appellee urges that we must yield to the new approach of the conflict of laws questions signaled by the case of Jagers v. Royal Indemnity Company, La., 276 So.2d 309 (1973). We find, however, that this position is untenable. Generally, prescription is a procedural matter and is governed by the laws of the forum. In Louisiana, we have a specific provision of the Civil Code which governs; Louisiana Civil Code Article 3532 in pertinent part provides:
"The prescription provided by the laws of this state applies to an obligation arising under the laws of another jurisdiction which is sought to be enforced in this state."
Under our law it is clear that Louisiana will apply its own prescriptive period in determination of whether an obligation is enforceable or not.
We have considered the record which establishes the note was made on October 24, 1961 and provided it would mature on May 2, 1963. The schedule of payments indicates the last payment was made on May 6, 1963. A computation of the time periods subsequent to maturity of the note or the last payment (an acknowledgement of the debt), reveals almost ten years elapsed before suit was instituted. Applying the prescription of five years under Louisiana law, it is apparent this note has prescribed and is no longer enforceable.
For the above and foregoing reasons, the judgment of the trial court appealed from is reversed and judgment is hereby rendered in favor of the defendant, Herbert B. Garner, dismissing plaintiff's suit at his costs.
Reversed and suit dismissed.
NOTES
[1] Article 2163.

"The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
"If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception."