**Walter W. WRIGHT, Plaintiff-Appellee,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Defendant-Appellant.**

**No. 75–1120.**

United States Court of Appeals,
Fifth Circuit.

Nov. 13, 1975.
Rehearing and Rehearing En Banc
Denied Feb. 2, 1976.

---

A. G. Seale, John W. Swanner, Baton Rouge, La., for defendant-appellant.

Sam J. D'Amico, Baton Rouge, La., for plaintiff-appellee.

Erwin A. LaRose, Baton Rouge, La., for James R. Douglas, Etc.

Before GEWIN, COLEMAN and GEE, Circuit Judges.

COLEMAN, Circuit Judge.

This is an appeal, 28 U.S.C., § 1292(b), from an order denying a defense motion to dismiss a diversity personal injury action brought in Louisiana by a Georgia resident against a now bankrupt Louisiana corporation and its liability insurer. The District Court held that the prescription issue was governed by the two year Georgia statute of limitations, not the one year Louisiana statute. For the reasons hereinafter appearing, we reverse.

In Atlanta, Georgia, on July 26, 1972, Walter W. Wright was injured, allegedly by the negligence of certain Lurgi-Knost agents and employees there engaged in construction work. Almost two years later, July 17, 1974, Wright filed his suit in the District Court for the Middle District of Louisiana, seeking damages against Lurgi-Knost, Inc. and its liability insurer.

Invoking Fed.R.Civ.P. 12(b)(6), defendants moved to dismiss Wright's complaint in that it was barred by the Louisiana prescription statute, LSA–C.C. Art. 3536. That section provides that actions for damages resulting from offenses or quasi offenses shall be prescribed by one year.

Relying on *Jagers v. Royal Indemnity Company,* La., 1973, 276 So.2d 309, the District Court denied the motion to dismiss, holding that under Louisiana conflict of laws principles the two year Georgia statute of limitations should control, Georgia Code Ann. § 3–1004.

*Jagers, supra,* was an action in tort brought in Louisiana by a Louisiana resident *against her son* for injuries allegedly sustained in a Mississippi automobile accident. It was argued that Mississippi law would have barred recovery because Mississippi would follow the doctrine of immunity for intra-family torts. Under Louisiana law there is no intra-family tort immunity. Under previous Louisiana cases the Louisiana courts would have looked to the substantive principles of the place where the wrong occurred to determine the issue of liability, see *Johnson v. St. Paul Mercury Insurance Company,* 1970, 256 La. 289, 236 So.2d 216. Expressly declining to decide whether Mississippi would enforce intra-family tort immunity, the Louisiana Supreme Court overruled *Johnson v. St. Paul* and held that in tort cases as to contacts with more than one jurisdiction the proper rule is to apply the law of the state having the most significant relationship to the issue in question (276 So.2d at 311–12), thus adopting the "interest analysis" approach set out in *Restatement* (Second) *Conflict of Laws,* §§ 2, 6, 145 (1969). On this approach, the Louisiana Supreme Court concluded that Mississippi really had no interest in the litigation beyond the fact that it was the scene of the wrong. Therefore, the

Court determined that Louisiana law, rather than that of Mississippi, would be applied and that the plaintiff might recover.[1]

The legal dilemma confronted by the District Court came about as follows.

Article 13 of the old Louisiana Code of Practice provided that the prescriptive period of actions *should be that of the place where the action is brought.* The enabling act for the 1960 Louisiana Revised Code of Civil Procedure repealed the 1870 Code of Practice, including its Article 13. The substance of Article 13 was not elsewhere reenacted. Therefore, thought the District Court, there is no definitive Louisiana law concerning the prescriptive period to be applied in a conflict of law situation. Consequently, it turned to *Jagers, supra,* for a resolution of the question. Since Georgia had the most significant relationship to the litigation, it was held that the Georgia statute of limitations would be applied.

■ Upon briefs, oral argument, and mature reflection, we are of the opinion that the conflict of law principles announced in *Jagers* were not intended to apply to questions of prescription or statutes of limitations; that if such an issue were presently before the Supreme Court of Louisiana it would so hold.

Initially, it must be noted that the case did not involve application of a statute of limitations, whether that of Louisiana (one year) or Mississippi (six years).

Twelve years after the adoption of the new Code of Civil Procedure, Louisiana courts are still referring to prescription statutes as procedural in nature. *See*

*Sewerage & Water Board of New Orleans v. Sanders,* La.App., 1972, 264 So.2d 270.

In *Martin v. Texaco, Inc.,* 279 F.Supp. 1015, 1016, n. 2 (E.D.La., 1968) Judge Rubin remarked that no substantive change in Louisiana law was intended by the deletion of Article 13. He applied the prescriptive period of Louisiana to a cause of action which arose in Mississippi.

Previous Louisiana cases clearly indicate that in a conflict of laws context statutes of limitation are matters of procedure and that the statute of limitations of the forum controls, a maxim long accepted in American jurisprudence. *Roper v. Monroe Grocer Company,* 1930, 171 La. 181, 129 So. 811; *Newman v. Eldridge,* 1902, 107 La. 315, 31 So. 688; *Gierling v. Garner,* La.App., 1973, 284 So.2d 664; *Sewerage & Water Board of New Orleans v. Sanders,* La.App., 1972, 264 So.2d 270, 272; *Istre v. Diamond M. Drilling Company,* La.App., 1969, 226 So.2d 779.[2]

■ The Louisiana prescription statute, LSA–C.C. Art. 3536 is procedural because it does not extinguish the right, it only bars the remedy in Louisiana courts, *Huson v. Otis Engineering Corporation,* 5 Cir., 1970, 430 F.2d 27, 31, aff'd sub nom. *Chevron Oil Company v. Huson,* 1971, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296; *Fidelity & Casualty Company of New York v. C/B Mr. Kim,* 5 Cir., 1965, 345 F.2d 45, 50; *Page v. Cameron Iron Works, Inc.,* 5 Cir., 1958, 259 F.2d 420, 422; *Succession of Harz,* La. App., 1965, 181 So.2d 272; *Mallard v. State,* La.App., 1940, 194 So. 447.

---

1. The "interest analysis" first introduced in *Jagers* has been applied in several recent Louisiana cases dealing with choice of law problems; *Romero v. State Farm Mutual Auto Insurance Company,* La., 1973, 277 So.2d 649 (intra-family immunity and automobile guest statute issues); *McNeal v. State Farm Mutual Auto Insurance Company,* La., 1973, 278 So.2d 108 (intra-family immunity and direct action statute issues); *Trahan v. Girard Plumbing & Sprinkler Company,* La.App., 1974, 299 So.2d 835, 839 (automobile guest statute issue).

2. Application of the general rule that the statute of limitations of the forum controls conflict

of laws situations involving that issue appears in *Wells v. Simonds Abrasive Company,* 1953, 345 U.S. 514, 517, 73 S.Ct. 856, 858, 97 L.Ed. 1211; *Central Vermont Ry. v. White,* 1915, 238 U.S. 507, 511, 35 S.Ct. 865, 867, 59 L.Ed. 1433; *McCluny v. Silliman,* 1830, 3 Pet. 270, 28 U.S. 270, 7 L.Ed. 676; *Atkins v. Schmutz Mfg. Company,* 6 Cir., 1967, 372 F.2d 762; *Kleve v. Negangard,* 6 Cir., 1964, 330 F.2d 74; *Kozan v. Comstock,* 5 Cir., 1959, 270 F.2d 839, 841; *Burns Mortgage Company v. Hardy,* 1 Cir., 1938, 94 F.2d 477, 480–81; *Vick v. Cochran,* Miss., 1975, 316 So.2d 242, 246; *Owsley v. Bowden,* 1926, 161 Ga. 884, 132 S.E. 70, 73.

In this connection see *Chevron Oil Company v. Huson,* 1971, 404 U.S. 97, 102, 92 S.Ct. 349, 353, 30 L.Ed.2d 296 (prospectively applying the one year statute of limitations to injuries sustained on the outercontinental shelf adjacent to Louisiana), and *Standard Oil Company v. State of New Jersey,* 1951, 341 U.S. 428, 432, n. 2, 71 S.Ct. 822, 825, 95 L.Ed. 1078 (the New Jersey rule is that the statute of limitations bars the right as well as the remedy).

For an ancient case on the subject, see *Townsend v. Jemison,* 1850, 50 U.S. 407, 9 How. 407, 13 L.Ed. 194, in which it was held "The rule in the courts of the United States, in respect to pleas of the statutes of limitations has always been, that they strictly affect the remedy, and not the merits * * * all suits must be brought within the period prescribed by the local law of the country where the suit is brought", 50 U.S. at 412.

Without actually discussing the issue, some of our companion Circuits have applied an "interest analysis" test to select the applicable statute of limitations, *Dindo v. Whitney,* 1 Cir., 1970, 429 F.2d 25; *Horton v. Jessie,* 9 Cir., 1970, 423 F.2d 722; *Gianni v. Fort Wayne Air Service, Inc.,* 7 Cir., 1965, 342 F.2d 621.

On the other hand, by way of example, Mississippi has adopted the substantial relationship test and abandoned *lex loci delicti, Mitchell v. Craft,* Miss., 211 So.2d 509 (1968), but it has expressly declined to extend "substantial relationship" to the selection of the applicable statute of limitation, *Vick v. Cochran,* Miss., 316 So.2d 242, 246 (1975).

For exceptions to the general rule that the law of the forum controls with regard to statutes of limitations, see 51 Am.Jur.2d, *Limitation of Actions,* §§ 67, 68 (1970). None of the exceptions there discussed are present here.

In sum, we are led to conclude that the one year Louisiana statute is procedural in nature, that while old Article 13 was not reenacted the underlying logic for deeming prescriptive statutes to be procedural has not been altered, and that the application of the Louisiana one year statute did not affect plaintiff's cause of action because it might then have been pursued in the courts of Georgia, see *Gierling v. Garner,* La.App., 1973, 284 So.2d 664, 666.

The District Court was bound by the conflict of law rules of Louisiana, the state in which it was sitting in this diversity case, *Klaxon v. Stentor Electric Manufacturing Company,* 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; *Kozan v. Comstock,* 5 Cir., 1959, 270 F.2d 839, 841. The Court, of course, recognized this, but thought that *Jagers v. Royal Indemnity Company, supra,* required the application of the two year Georgia statute.

We do not think that *Jagers* stands for that result.

Accordingly, we reverse the denial of the motion to dismiss, and remand the case for further proceedings not inconsistent herewith.

Reversed and remanded.