

# The Attorney General of Texas

December 20, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Norman V. Suarez
General Counsel
Texas Department of Public Safety
Box 4087
Austin, Texas 78773

Opinion No. MW-109

Re: Rights of state employees to accrued sick leave when returning to state service after military leave.

Dear Mr. Suarez:

You ask several questions concerning the rights of a state employee with respect to vacation and sick leave entitlement when he returns to state employment following active military service. You inform us that an employee requested military leave to attend a military educational course and presented properly prepared orders from his National Guard commander for duty commencing March 18, 1978, and ending July 30, 1978. The employee reported for work on August 1, 1978. Prior to commencing military leave, the employee had accumulated 214 hours of sick leave. Pursuant to department policy, he was paid a lump-sum payment for his accrued vacation time.

With regard to the above facts, you ask the following questions:

> 1. Taking into consideration the Veterans' Reemployment Rights Statute, 38 U.S.C.A., Sec. 2021, et seq., and the applicable State statutes, should the Department under the above facts have credited the employee on reinstatement with the sick leave he had accrued on the date he left for his military leave?
>
> 2. Would the fact that the accumulated vacation leave was paid under Department policy and not requested by the employee, even though accepted by the employee, make any difference?

Article 6252-4a, V.T.C.S., provides for the restoration to employment of state employees following their discharge from military service. Section 3 of article 6252-4a provides in part as follows:

> Any person who is restored to a position . . . shall be considered as having been on furlough or leave of absence . . . and shall be entitled to participation in retirement or other benefits to which employees of the State of Texas . . . are, or may be, entitled to. . . .

The provisions of article 6252-4a conform with the requirements of the federal Veterans' Reemployment Rights Statute, 38 U.S.C. 2021, et seq., section (b) (1) of which states in part:

> Any person who is restored to or employed in a position . . . shall be considered as having been on furlough or leave of absence during such person's period of training and service . . . [and] shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence. . . .

If the employee, upon restoration, is to be considered as having been on leave of absence, it follows that the sick leave accrued prior to that leave should be credited the employee as it would have been to an employee on a non-military leave of absence. The fact that accumulated annual leave was paid by the department would make no difference with respect to his sick leave entitlement. The statutory mandate is clear that the restored employee should be treated as having been on furlough or leave of absence. The appropriate procedure would have been not to pay the employee for his accumulated vacation at the time he began his military leave, but in any event 38 U.S.C. section 2021(b)(3) requires that the mistake in handling the employee's vacation entitlement not constitute a termination where none was intended.

You ask several additional questions which relate to the status of an employee while he or she is on military leave longer than the annual 15 days authorized by article 5765, V.T.C.S., for purposes of accrued vacation and sick leave entitlement.

With one exception later noted, both the relevant state and federal statutes speak only in terms of restoration of an employee who has returned to employment. In this respect they are retrospective in nature, so that whether or not the restored employee had actually terminated employment to perform military service he is to be treated upon restoration as if he had been on furlough or leave of absence and is entitled to the benefits allowed such an employee, including crediting of any unused vacation or sick leave.

The exception to the retrospective nature of the federal statute is subsection (d) of 38 U.S.C. section 2024 which provides that an employee other than a member of a Reserve component who is ordered to an initial period of active duty for training for at least three months shall upon request be granted a leave of absence "for the period required to perform active duty for training or inactive duty training." Certain types of duty performed by a member of the National Guard as described in subsection (f) are included as duty for which the employer may not treat the employee as terminated, but must grant the requested leave of absence, and

such an employee shall be permitted to return to such employee's position with such seniority, status, pay, and vacation as such employee would have had if such employee had not been absent for such purposes.

38 U.S.C. § 2024(d).

You inquire as to the effect of carry-over provisions of state statutes on time carried forward through a leave of absence from one fiscal year to the next. Such leave would be carried over in the same manner as it would be for any other employee. While it is clearly the intent of the relevant statutes to protect the returning employee from loss of ground in his employment, it is not their intent to place him in a better position than other employees. See Lipani v. Bohack Corp., 546 F.2d 487 (2d Cir. 1976); see also Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275 (1946).

You ask, finally, whether an employee accrues either vacation or sick leave while on military leave. The U.S. Supreme Court has stated with regard to veterans' reemployment rights that vacation time should accrue during military service only where it appears that such time was "intended to accrue automatically as a function of continued association with the [employer]," and not where such benefits are "intended as a form of short-term compensation for work performed." Foster v. Dravo Corporation, 420 U.S. 92, 100 (1975). In this regard, Attorney General Opinion H-941 (1977) has held that vacation and sick leave benefits "are forms of compensation and generally accrue only while an employee is on the state payroll," and not payable to an employee on military leave of absence.

## SUMMARY

Under article 6252-4a, V.T.C.S., and 38 U.S.C. 2021, et seq., an employee who is restored to state employment following military service is generally to be considered as having been on furlough or leave of absence, and as such, is entitled to all benefits to which an employee returning from a non-military leave of absence would be entitled, including the crediting of sick leave accrued prior to such military service.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Diane Ritzen Cox
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Diane Ritzen Cox
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood
Lonny Zwiener