410 So.2d 1211 (1982)
M. Beach DAVIS, Plaintiff-Appellant,
v.
Sandra Cushing COLVIN, Defendant-Appellee.
No. 8641.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1982.
Alfred F. Boustany, II, Lafayette, for plaintiff-appellant.
*1212 Diana Sorola, Lafayette, for defendant-appellee.
Before GUIDRY, SWIFT and STOKER, JJ.
SWIFT, Judge.
The plaintiff, M. Beach Davis, filed this suit on October 8, 1980, against the defendant, Sandra Cushing Colvin, on an open account. The defendant filed a peremptory exception of prescription. It was sustained and the suit was dismissed. The plaintiff has appealed.
The petition alleges that the defendant is indebted to the plaintiff in the sum of $656.60, being the unpaid balance on an open account. Copies of invoices for the sales and charges were attached to the petition. They reveal that the defendant purchased certain furniture and appliances from the plaintiff in Wellsboro, Pennsylvania, during the period from January, 1973 to May, 1975. The last payment or credit made on the account was on August 31, 1975. Apparently, both parties were residing in Pennsylvania at the time of the purchases.[1] The defendant now lives in Lafayette, Louisiana.
By agreement the exception was submitted for a decision on the basis of the documents filed in the record and written memoranda. The trial court determined that the applicable law was the Pennsylvania four year prescriptive statute and that such prescription had run without suspension or interruption.
The plaintiff argues that the trial court erred in applying Pennsylvania law and in failing to find that the prescriptive period had been interrupted by the defendant's departure from Pennsylvania.
Generally, prescription is a procedural matter and it is governed by the laws of the forum. Gierling v. Garner, 284 So.2d 664 (La.App. 3 Cir. 1973). Louisiana Civil Code Article 3532 in pertinent part provides:
"The prescription provided by the laws of this state applies to an obligation arising under the laws of another jurisdiction which is sought to be enforced in this state."
In Gierling this court was confronted with a similar factual situation. The defendant, a resident of Indiana, had executed a promissory note in that state in favor of the plaintiff. Suit was filed in Louisiana and the defendant filed a peremptory exception of prescription, contending that Louisiana law was applicable to the issues of prescription. The court so held, relying on La.C.C. Article 3532.
The trial court therefore erred in applying Pennsylvania rather than Louisiana law to the issues of prescription in the instant case. However, the result would be the same under the laws of either state.
In Louisiana the prescriptive period for a suit on an open account is three years. La.C.C. Article 3538.
As stated, the record establishes that the last purchase on the account occurred in May, 1975, and that the last payment or credit given by the defendant was on August 31, 1975. This suit was not instituted until October, 1980. Thus, over five years elapsed before suit was filed and the action is barred by prescription.
The appellant argues, however, that prescription was suspended when the defendant departed Pennsylvania without informing the plaintiff of her new residence. He contends that the doctrine of contra non valentem agere non currit is applicable in this situation, because the plaintiff was unable to bring this action until he had located the defendant. We disagree.
The common law doctrine of contra non valentem agere non currit, which means that prescription does not run against a person who could not bring his suit, has been applied in certain limited situations by our Louisiana courts. Nathan v. Carter, 372 So.2d 560 (La.1979). In that case the court said:

*1213 "This equitable doctrine has been applied to cases wherein defendant has concealed the fact of the offense or has committed acts (including concealment, fraud, misrepresentation, or other `ill practices') which tend to hinder, impede, or prevent the plaintiff from asserting his cause of action, as long as plaintiff's delay of his own negligence.... [T]he doctrine of contra non valentem is, in part, but an application of the long-established principle of law that one should not be able to take advantage of his own wrongful act:" [Authorities omitted. Emphasis added.]
This doctrine is applicable when a defendant abandons his place of residence for the purpose of avoiding the pursuit of his creditors. Martin v. Jennings, 10 La. Ann. 553 (La.1855); and Boyle v. Mann, 4 La.Ann. 170 (La. 1849). However, the evidence must establish at least an inference of a dishonest purpose in the departure of the debtor from his residence for the doctrine to be applied. See McMasters v. Mather, 4 La.Ann. 418 (La.1849); and Blossman v. Mather, 5 La.Ann. 335 (La.1850).
In the present case the plaintiff made no showing that the defendant left the state of Pennsylvania for the purpose of avoiding her creditors. Without allegations or evidence inferring a dishonest purpose in the debtor's departure, this equitable doctrine is inapplicable. No other reason for suspension or interruption of the applicable prescription being shown, the district court properly sustained the plea of prescription and dismissed the suit.
For the reasons assigned, the judgment of the trial court is affirmed. All court costs are hereby assessed against the plaintiff-appellant.
AFFIRMED.
NOTES
[1] Actually, the petition does not allege that the defendant was ever a resident of Pennsylvania or when she left that state. The defendant's memorandum states, however, that both parties were residents of Pennsylvania when the transaction took place.