436 So.2d 603 (1983)
Mrs. Hazel Jean PATTERSON
v.
Thomas James PATTERSON.
No. CA-0565.
Court of Appeal of Louisiana, Fourth Circuit.
June 28, 1983.
*604 Ronald F. Fontana, Metairie, for plaintiff-appellant.
Louis A. Heyd, Jr., New Orleans, for appellee.
Before SCHOTT, AUGUSTINE and CIACCIO, JJ.
CIACCIO, Judge.
Plaintiff, Hazel Patterson, appeals from a judgment of the district court which sustained the defendant's exceptions of prescription and no cause of action. The exceptions were filed in response to the plaintiff's rule to collect past due child support under a judgment secured in a foreign state. The judgment of the district court is affirmed in part and reversed in part.
The issues presented are: (1) Does Louisiana law or Mississippi law apply when a litigant seeks to collect past due child support under a Mississippi judgment made executory and sued upon in Louisiana? (2) Who may sue to collect the arrearages?
The facts are: Mr. & Mrs. Patterson secured a final divorce in Hinds County, Mississippi on May 8, 1972. Pursuant to the divorce decree, Mr. Patterson was ordered to pay $225.00 per month for the support of the couple's three children.[1] Mrs. Patterson had been awarded custody of the three children. The defendant made the last support payment in May, 1975. On October 22, 1981, Hazel Patterson filed a petition with the local district court for recognition of her foreign judgment. The Orleans Parish District Court rendered a judgment on June 3, 1982 which recognized the foreign judgment and made the same executory. On August 18, 1982, plaintiff filed a rule to show cause why her former husband should not be compelled to pay past due support in the amount of $51,850.00. The defendant filed exceptions of prescription and no cause or right of action. The district court maintained the defendant's exceptions of prescription and no cause of action, dismissing the plaintiff's action and plaintiff appeals.
Exception of Prescription
The trial court maintained the exception of prescription and dismissed the mover's rule for past due child support and alimony for the period prior to August, 1979.
Appellant argues that her action has not prescribed because the Mississippi law of prescription applies to this case. We disagree.
Once a judgment of another state has been properly recognized and made the judgment of a Louisiana court, it has the same effect as if it was rendered by the Louisiana court. C.C.P. Art. 2541. Hastings v. Dinning, 308 So.2d 451 (La.App., 3rd Cir., 1975), writ den. 310 So.2d 851.
The general rule is that substantive rights are determined by the lex loci or the place where the action arose, while the procedural rights are governed by the lex fori or the place of the forum. See: Matney v. Blue Ribbon, 12 So.2d 249 aff. 202 La. *605 505, 12 So.2d 253 (La., 1942). Generally, prescription is a procedural matter and is governed by the law of the forum (i.e., which in this case is Louisiana). C.C. Art. 3532. Gierling v. Garner, 284 So.2d 664 (La.App., 3rd Cir., 1973): See also: Davis v. Colvin, 410 So.2d 1211 (La.App., 3rd Cir., 1982). In Louisiana, an action for arrearages of alimony is prescribed by three (3) years. C.C. Art. 3538. Arabie v. Arabie, 230 La. 1036, 89 So.2d 890 (La., 1956). See also: Morasco v. Metcalf, 381 So.2d 901 (La.App., 3rd Cir., 1980).
Mrs. Patterson filed her summary proceedings to collect past due support payments on August 18, 1982. Therefore, the trial judge was correct in maintaining the exception of prescription with regard to any arrearages prior to August, 1979 because these arrearages would have been in excess of three years old. We, accordingly agree with this portion of the trial court's judgment.

Exception of No Right or Cause of Action
The following judgment was rendered by the district court, in response to the defendant's exception of no right or cause of action:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the exception of no cause of action filed on behalf of THOMAS JAMES PATTERSON, is hereby maintained and that mover in rule's claim for the past due child support for the period subsequent to August 1979 be dismissed in accordance with LSA. Article 9:309(B).
JUDGMENT READ, RENDERED AND SIGNED in open court.
The exceptions of no cause of action and no right of action are peremptory exceptions. C.Cr.P. Art. 927.
No Cause of Action
The exception of no cause of action concedes for the purpose of its trial the correctness of the well-pleaded allegations of fact. Allied Chemical Corp. v. Iberville Parish Police Jury, 426 So.2d 1336 (La., 1983). This exception questions whether the law affords any remedy under the facts presented. Johnson v. Edmonston, 383 So.2d 1277 (La.App., 1st Cir., 1980). The pleadings reveal a Mississippi judgment, judicially recognized in Louisiana, which decrees a divorce between the parties and an obligation by Mr. Patterson to pay child support payments of $225 per month for the support of the three minor children. Mrs. Patterson's rule to show cause reveals that it was filed August 18, 1982 and it seeks arrearages of $225.00 per month from May 3, 1972, pursuant to the executory judgment. Since the district court correctly found that the past due child support for the period prior to August, 1979 had prescribed, it would follow that no cause of action exists to collect those payments. Accordingly the district court correctly dismissed the plaintiff's action with regard to those payments.
The parties agree that an obligation exists to support the minor children of the marriage, however they disagree on the law to be applied in order to determine minority. As previously stated, Mississippi law will be applied to questions which are remedial in nature. Accordingly, under the laws of Mississippi a minor is any person under twenty-one years of age.[2] In August, 1979, Lydia was 24; Debra was 22 and Thomas was 19. Hence, the only cause of action which existed was for child support payments due for Thomas Patterson, Jr. subsequent to August 18, 1979 until June 23, 1981, when he would have become 21 years of age.
No Right of Action
The peremptory exception of no right of action raises the issue of whether the plaintiff belongs to that particular class of persons to which the law grants a remedy. Brouillette v. Consolidated Construction Co. of Florida, Inc., 422 So.2d 176 (La. App., 1st Cir., 1982). This peremptory exception, when pleaded before answer, shall *606 be tried and decided in advance of the trial of the case. C.C.P. Art. 929. See: South Central Roofing & Sheet Metal Supply, Inc. v. McKay, 425 So.2d 951 (La.App., 5th Cir., 1983).
In the instant case it does not appear from the record that the trial court disposed of the exception of no right of action. This Court will resolve the issue because of judicial economy.
In the case of Hastings v. Dinning, supra, the court addressed the issue of whether the plaintiff-mother had a right of action for child support payments which became due during the minority of the children. The court stated the following:
Defendant's first contention is that the plaintiff-wife has no right of action for child support for the children who are now over the age of 18. Defendant contends that as to the children who are over 18 years of age, only they have a right of action to recover these amounts. This contention was recently answered by this Court in Eaglin v. Eaglin, 306 So.2d 375 (3rd Cir.1975). We held there that the mother in whose favor the judgment for child support was rendered had a right of action to bring a suit to make executory child support payments which accrued during the minority of the children. We distinguished Bernhardt v. Bernhardt, La, 283 So.2d 226 (1973), which is relied on by defendant, on the grounds that Bernhardt held only that the mother has no right of action to sue for child support which becomes due after the child reaches the age of majority. Both in Eaglin and in the present case all of the child support sought became due before the children reached the age of majority. Hastings v. Dinning, supra, [308 So.2d] at 452.
Under the rationale of the Hastings decision, supra, Mrs. Patterson has a right of action for the child support payments that accrued during the minority of her youngest child for the period subsequent to August 18, 1979 until June 23, 1981. Therefore, the trial court should have overruled the exception of no right of action and awarded Mrs. Patterson a judgment for accrued child support payments for Thomas Patterson, Jr. from August 18, 1979 through June 23, 1981.
Accordingly, for the reasons assigned, the judgment of the district court maintaining the defendant's exception of no right of action is reversed and we award judgment to the plaintiff in the amount of $1725 plus interest, attorney fees of $500 together with the cost of the proceedings in the trial court and for this appeal.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] The three children of the marriage were born as follows: Lydia Denise Patterson born January 22, 1955, Debra Lynn Patterson born April 10, 1957, Thomas James Patterson, Jr. born June 23, 1960.
[2] See: Mississippi Code Article 1-3-27. Since this statute was offered to the trial court and considered by that court, we can assume that the statute is properly before this Court.