464 So.2d 39 (1985)
Wilse KLECKLEY, et al., Plaintiffs,
v.
Archie S. HEBERT, Defendant-Third Party Plaintiff-Appellant,
v.
MERCAZ CORPORATION, et al., Third Party Defendants-Appellees.
No. 84-89.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
Rehearing Denied March 8, 1985.
*41 Woodley, Barnett, Cox, Williams, Fenet & Palmer, Robert W. Fenet, Lake Charles, for plaintiff-appellant.
McHale, Bufkin & Dees, Robert M. McHale, Lake Charles, for plaintiff-appellee.
Jones, Tete, Nolen, Hanchey, Swift & Spears, Charles Harper, Lake Charles, for defendant-appellee.
Before GUIDRY, FORET and LABORDE, JJ.
LABORDE, Judge.
Appellant Archie Hebert appeals the judgment of the trial court dismissing his third party demand against appellee Mercaz Corporation on an exception of prescription. We reverse and remand.
Hebert is one of several persons who acquired a limited partnership interest in a business venture in Southwest Louisiana. The planned business was the construction and operation of Acadian Courts Racquetball Club (ACRC). Hebert was the construction contractor for the club facilities. Hebert agreed to accept a $10,000 limited partnership interest in ACRC as partial payment for his services.
The business venture failed shortly after completion of the club facilities, and as a result of a contractual agreement which we need not relate for our disposition of this case, Hebert was informed that not only had he lost his investment, but that he was also obligated, along with certain other limited partners, to purchase Mercaz Corporation's limited partnership interest. Appellant refused to pay his portion of the purported obligation to Mercaz. The other limited partners obligated to Mercaz sued appellant to force him to comply with the agreement. Appellant Hebert answered the partners' petition, and further filed a third party demand against Mercaz and other promoters and sellers of the business venture for damages and other relief under the antifraud provisions of Louisiana's Blue Sky Laws and the federal security laws.
Mercaz filed an exception of prescription, contending that any rights appellant might have against it under state Blue Sky Law and federal law were time-barred. Further, appellee argued that the federal securities laws invoked by appellant are within the exclusive jurisdiction of the federal courts.
The trial judge dismissed Hebert's third party demand against Mercaz, sustaining its exception of prescription. Hebert now appeals.
We will discuss the issues raised by this appeal in two separate sections. First, we will discuss the issues under Louisiana's Blue Sky Laws; second, we will discuss the issues under the federal securities laws.

BLUE SKY LAW
After several months of intermittent negotiation, Hebert agreed to become a limited partner in ACRC when he signed the partnership agreement on February 1, 1980. Hebert argues that the sale of the security (the limited partnership interest) was not actually consummated until February 24, 1981, when his "payment" for the security was "delivered" in the form of a reduced price for the work he performed on the club facility. Clearly, however, the sale was perfected on February 1, 1980, under the law of this state. See La.Civ. Code art. 2456 (completion of sale contract when agreement as to object and price).
Suit was filed against Hebert on March 26, 1982. Hebert generally denied the allegations of the plaintiffs' petition in an answer filed on April 14, 1982, and he first raised the incidental securities fraud and misrepresentation third party claims in a supplemental and amending answer filed on June 30, 1982.
Louisiana Revised Statute 51:715(E) provides a two year prescriptive period from the date of the contract of sale within which a person may bring suit under the antifraud provisions of the Blue Sky Laws.
Had Hebert's third party claims been filed as an independent lawsuit, the claims would have prescribed before June 30, *42 1982, because this date is more than two years after the contract of sale. Even under the calculation of the prescriptive period that we apply today, Hebert's claims under state Blue Sky Law have prescribed. Louisiana Code of Civil Procedure article 1067 provides:
"An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of third party demand."
Under article 1067, Hebert could have filed his third party claim within ninety days of being served with plaintiffs' petition if the third party claim was not time-barred at the institution of plaintiffs' suit. Hebert loses on both prongs of the test. Hebert's third party claims were filed more than ninety days after plaintiffs first served him, and prescription on Hebert's state Blue Sky Law claims had run before plaintiffs filed suit on March 26, 1982.
Hebert may not sue Mercaz under state Blue Sky Law antifraud provisions. Hebert's claims under state Blue Sky Law have prescribed.

FEDERAL SECURITIES LAW
Appellee contends that any claim Hebert might have under the Securities Exchange Act of 1934, 15 U.S.C. secs. 78a-78kk (1976), has prescribed and, further, may not be pursued in state court in any event. Appellee refers, of course, to the ubiquitous implied civil cause of action for fraud or deceit connected with the purchase or sale of a security under Securities and Exchange Commission (SEC) Rule 10b-5, 17 C.F.R. sec. 240.10b-5 (1982). We agree that prescription has run on Hebert's Rule 10b-5 claim, see Dupuy v. Dupuy, 551 F.2d 1005, 1023 n. 31 (5th Cir.), cert. denied, 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977), but we do not rest our dismissal of Hebert's Rule 10b-5 cause of action on this ground, because this court lacks the jurisdiction to consider a Rule 10b-5 claim. Hebert cannot utilize an implied remedy under Rule 10b-5 in state court. Rule 10b-5 was promulgated by the SEC under the authority of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. sec. 78j(b) (1976). An implied civil action under Rule 10b-5 thus rests firmly under the enabling 1934 Act. Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. sec. 78aa (1976), provides that the federal courts shall have exclusive jurisdiction of "all suits ... brought to enforce any liability or duty created by [the 1934 Act] or the rules and regulations thereunder."
Appellee, however, has entirely overlooked another source of federal securities law: the Securities Act of 1933, 15 U.S.C. secs. 77a-77aa (1976). Although the 1933 Act is essentially a disclosure law, it provides certain express civil remedies for injured investors. The applicable provision in this instance is section 12 of the Act, which states:
"Any person who
(1) offers or sells a security in violation of section 5, or
(2) offers or sells a security (whether or not exempted by the provisions of section 3, other than paragraph (2) of subsection (a) thereof), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission,
shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the *43 consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."
15 U.S.C. sec. 77l (1976).
We find, under Louisiana's rules of pleading, that Hebert's third party demand is broad enough to state a cause of action under section 12(2) of the 1933 Act. Hebert's two supplemental and amending answers claim relief under all state and federal securities law, and allege facts and circumstances of the sale sufficient to state a section 12(2) cause of action under the fact pleading rules of this state. See La. Code Civ.Proc. art. 854 & comments. We further note that Hebert's petition states a cause of action under section 12(2) in conformance with the federal "notice" provisions, see Fed.R.Civ.P. 8(a), but we apply Louisiana's rule, just as the federal courts apply federal service and pleading rules when those courts hear claims grounded on the substantive law of a state. See Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).
Although, as noted above, claims under the 1934 Securities Exchange Act may not be heard in state court, the 1933 Securities Act provides the standard concurrent jurisdiction, with the additional caveat that a suit under provisions of the 1933 Act brought in state court may not be removed to federal court. Securities Act of 1933 sec. 22(a), 15 U.S.C. sec. 77v(a) (1976). Therefore, the courts of this state have subject matter jurisdiction of civil suits under the 1933 Act, including suits based on section 12(2).
Our review of the record reveals that the securities sold to Hebert were "privately offered," i.e., they were offered and sold in a transaction that was exempt from the federal registration requirements. A securities transaction that is exempt from the registration requirements of the 1933 Act may not, of course, result in any liability under the provisions of the 1933 Act that proscribe offers and sales prior to or without the appropriate SEC registration statements, nor may such transactions result in liability because of false registration statements, because there is no registration in the first place. However, transactional exemptions do not pretermit suit under section 12(2). Transactional exemptions simply do not apply to section 12(2). The only exemption to section 12(2) is an exempted class of securities (chiefly government securities) that is not at issue here.
The sole jurisdictional means under section 12(2) is that the offer or sale, including that portion of the offer or sale which allegedly violates the statute, utilized "any means or instruments of transportation or communication in interstate commerce or of the mails ...." Section 12(2) covers an "oral communication" containing a false or misleading statement, as well as a "prospectus" in the sense of any written communication. See generally Sanders v. John Nuveen & Co., 619 F.2d 1222 (7th Cir.1980), cert. denied, 450 U.S. 1005, 101 S.Ct. 1719, 68 L.Ed.2d 210 (1981). See also R. Jennings & H. Marsh, Securities Regulation 777-80 (5th ed. 1982); Folk, Civil Liabilities under the Federal Securities Laws: The BarChris Case, 55 Va.L.Rev. 199, 201-16 (1969).
The statute of limitations for the antifraud provisions of the 1933 Act is contained in section 13 of that act, which provides:
"No action shall be maintained to enforce any liability created under section 11 or section 12(2) unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 12(1), unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 11 or section 12(1) more than three years after the security was bona fide offered *44 to the public, or under section 12(2) more than three years after the sale."
15 U.S.C. sec. 77m (1976).
We note, initially, that Hebert's demand was filed within three years of the sale; thus, it has not absolutely prescribed under the terms of the statute. Whether Hebert's incidental demand was filed within one year of his discovery that certain statements or omissions used in the offer or sale of the security were allegedly false or misleading cannot be deduced from the record; nor can we ascertain whether Hebert, in the exercise of reasonable diligence, should have discovered the alleged fraud or misrepresentation more than a year before he filed his demand against appellees.
In Louisiana, prescription is generally a procedural matter governed by the laws of the forum, e.g., Davis v. Colvin, 410 So.2d 1211, 1212 (La.App. 3d Cir.1982), but if the statute of limitations is part of the substantive law giving rise to the right of action, then the courts of Louisiana will apply the non-Louisiana prescriptive period. Rohde v. Southeastern Drilling Co., 667 F.2d 1215, 1219 (5th Cir.1982). Moreover, we note that the substantive law applicable to this case is the law of the United States, not the law of another state. The laws of the United States that may be heard in state court under concurrent subject matter jurisdiction may not be treated in the same manner as the "foreign" law of another state. See Testa v. Katt, 330 U.S. 386, 392-93, 67 S.Ct. 810, 813-14, 91 L.Ed. 967 (1947). Louisiana courts customarily apply Louisiana's prescription rules to instances in which a claim based on the law of another state has an analog in Louisiana law. See, e.g., Gierling v. Garner, 284 So.2d 664 (La.App. 3d Cir.1973) (prescribed suit on promissory note). But the federal law applicable to this case is not applied instead of Louisiana law in a choice-of-law context; it expands the range of remedies potentially available to Hebert. He is not faced with a situation in which either Louisiana law or the law of another state provides his cause of action, and this court is not called upon to resolve a conflict between the applicability of the law of this state and the law of another state. Rather, Hebert may utilize both the available federal law and Louisiana state law.
The United States has provided investors such as Hebert with a potential remedy under section 12(2) of 1933 Securities Act. Suit under section 12(2) does not depend upon the cause of action arising in any particular state or territory. The rights provided by the 1933 Act include the right to bring actions thereunder in a competent state or federal court within the prescriptive period provided by the Act. We hold that the statute of limitations provided by the 1933 Securities Act controls the issue of prescription for civil suits brought under that Act in the courts of this state.
The party who pleads prescription bears the burden of proving prescription. Langlinais v. Guillotte, 407 So.2d 1215, 1216 (La.1981). As we discussed above, prescription under the 1933 Securities Act may or may not have run in this case. Because the record does not show that prescription has run, we must find that the trial court erred by dismissing Hebert's third party demand against Mercaz. Hebert's state law claims have prescribed, but he may have an unprescribed action based on federal securities law.
Based on the above reasons, the judgment of the trial court dismissing appellant Hebert's third party demand against Mercaz is reversed. We remand this case to the trial court. Appellee may, on remand, argue that Hebert's claims under federal law have prescribed under the appropriate federal statute of limitations. If, after due proceedings, the trial court finds that Hebert's federal law claims against Mercaz have not prescribed, then Hebert may continue to pursue his remedy against Mercaz under the 1933 Securities Act. All costs of this appeal are assessed to appellee Mercaz Corporation.
REVERSED AND REMANDED.